ACCEPTED
03-14-00267-CV
4890613
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/14/2015 9:03:23 PM
JEFFREY D. KYLE
CLERK

No. 03-14-00267-CV

In the Third Court of Appeals

Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
4/14/2015 9:03:23 PM
JEFFREY D. KYLE
Clerk

**DAISY WANDA GARCIA,** *APPELLANT*

*v.*

**THOMAS LEE BAUMGARTEN**, *APPELLEE*

APPEAL FROM CAUSE NO. D-1-GN-12-002429
201ST DISTRICT COURT OF TRAVIS COUNTY, TEXAS
HON. CHARLES RAMSEY PRESIDING

## APPELLANT'S EMERGENCY MOTION TO ABATE

John L. Foster
Texas Bar No. 07289000
FOSTER RAMSEY
812 San Antonio Street
Suite 400
Austin, Texas 78701
512-476-4473
512-474-1606 (Fax)
jfoster@fosterramsey.com
Lead Counsel

*Counsel for Appellant*
*Daisy Wanda Garcia*

Stephen Casey
Texas Bar No. 24065015
CASEY LAW OFFICE, P.C.
595 Round Rock West Drive
Suite 102
Round Rock, Texas 78681
Telephone: 512-257-1324
Fax: 512-853-4098
info@caseylawoffice.us

## Grounds

1. The primary issue in dispute of this case is a breach of property agreement between the parties.

2. During the pendency of this case, Appellee died, and a suggestion of death was filed.

3. The probate case for Appellee's estate is Cause No. 435704, Estate of Thomas L. Baumgarten, Deceased. *See* Exh. 1.

4. In that case, the attached will, Exhibit 2, does not name the Exposition house, the subject of the breach of contract in this suit.

5. The Exposition house per the attached will is part of the residue of the estate.

6. A current will contest exists in Harris County Probate Court. This will contest was filed by Appellant, who had an informal marriage to Appellee since 1969. *See* Exhbit 3 (will contest).

7. The effect of this case could be made wholly moot at best by a determination of the will contest.

8. The will contest is based upon the 40 year informal marriage between Appellant and Appellee. The parties lived together in an informal marriage for 13 years, after which Appellant remained in the community property house, the subject of this breach of property agreement.

9. There are several possible outcomes to this will contest.

    a. The probate court in Harris County has jurisdiction to determine whether Appellant and Appellee had an informal marriage as it has statutory jurisdiction (pendent and ancillary jurisdiction) under Texas Estates Code § 32.001(b). *See* TEX. EST. CODE § 32.001(b).

    b. First, the probate court could determine that the informal marriage did exist. In that instance, the court could further find that the house, based on the agreement, was (1) separate property, or (2) community property.

    c. Should the probate court determine the parties had an informal

marriage, and find that this house was separate property, the Appellant would be entitled to one-half the land and all of the personalty because the parties had no children together and the Appellee had no surviving children. *See* TEX. EST. CODE § 201.002(c)(3).

d. Should the probate court determine the parties had a formal marriage, and find that this house was community property, the Appellant would be entitled to all of the land because the parties had no children together and the Appellee had no surviving children. *See* TEX. EST. CODE § 201.003(b), (c).

e. Second, if the probate court determines that there was no informal marriage, the Court should then lift the proposed stay on the appeal.

10. This factual posture presents a unique situation not readily apparent from case law discussing the intersection of probate cases, family law cases, and property suits in district court. Generally, the question is framed as one of dominant jurisdiction and the district court property suit, if filed first, should have dominant jurisdiction. *See In re Puig*, 351 S.W.3d 301, 306 (Tex. 2011). In *Puig*, however, the parties had already been divorced prior to one party's death. *Id.* at 303. Here, there is a question as to the status of the marriage.

11. This marriage status question, while intertwined with the property question, is not the same issue, but a separate issue, the determination of which will necessarily guide this Court, and the determination of which should be made prior to this Court's decision. If the probate court finds an informal marriage, and finds the house is community property, then this case would be mooted. If the marriage is informal and the house is separate property, then the case could be mooted or remanded depending on whether this property falls into the percentage of the estate awarded the spouse of the informal marriage. If the probate court rejects the challenge, this case should then proceed. Either way, this case should be abated until that election challenge is complete.

12. Abatement serves judicial efficiency and economy, as identified in Texas Estates Code 32.001(b), as this case has been set for oral argument on June 3, 2015, by designation this month. A delay in deciding the abatement would cost the parties time in preparation for oral argument that may be mooted. Abatement may very well save the parties time and expense at the appellate level that would result in a mooted decision on the underlying property, given the potential probate outcomes.

## Prayer

Appellant prays this Court grant this Motion to Abate.

/s/ Stephen Casey
John L. Foster
Texas Bar No. 07289000
FOSTER RAMSEY
812 San Antonio Street
Suite 400
Austin, Texas  78701
512-476-4473
512-474-1606 (Fax)
jfoster@fosterramsey.com

Stephen Casey
Texas Bar No. 24065015
CASEY LAW OFFICE, P.C.
595 Round Rock West Drive
Suite 102
Round Rock, Texas 78681
Telephone: 512-257-1324
Fax: 512-853-4098
stephen@caseylawoffice.us

## CERTIFICATE OF CONFERENCE

I hereby certify that on April 14, 2015, I conferenced with opposing counsel who is opposed to this motion.

/s/ Stephen Casey

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was served upon counsel for Appellee on Tuesday, April 14, 2015, via electronic transmission:

Nicholas Laurent, *Counsel for Appellee*
nlaurent@mcginnislaw.com

/s/ Stephen Casey

EXHIBIT 1

FILED
12/2/2014 11:41:35 AM
Stan Stanart
County Clerk
Harris County

PROBATE COURT 2

DM

No. 435704

No. _____

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE PROBATE COURT |
| | § | |
| THOMAS L. BAUMGARTEN, | § | NO. \_\_\_\_2\_\_\_\_ |
| | § | |
| DECEASED | § | HARRIS COUNTY, TEXAS |

POST

### APPLICATION TO PROBATE NON-PRODUCIBLE WILL AND FOR ISSUANCE OF LETTERS TESTAMENTARY

12-2-2014

**TO THE HONORABLE JUDGE OF SAID COURT:**

PAUL JENNINGS BAUMGARTEN ("Applicant"), furnishes the following information to the Court in support of this Application for the probate of the Will of THOMAS L. BAUMGARTEN ("Decedent"), and for issuance of Letters Testamentary:

1.      Applicant, PAUL JENNINGS BAUMGARTEN, is an individual interested in this Estate, being domiciled in and residing in Texas. PAUL JENNINGS BAUMGARTEN's address for service of citation is 14 Stonegate Park, Spring, Texas 77379.

2.      Decedent died on November 21, 2014, at Austin, Travis County, Texas, at the age of 67 years. Decedent's domicile at the time of his death was Houston, Harris County, Texas.

3.      This Court has jurisdiction and venue is proper because Decedent was domiciled in Texas and had a fixed place of residence in this County on the date of his death.

4.      Decedent owned property described generally as real estate, cash, personal effects and household goods of a probable value in excess of $10,000.00.

5.      Decedent left a valid Will dated February 26, 2014, which was never revoked. A true and correct copy of the Will is attached. The original Will is unable to be delivered to the County Clerk pursuant to the Texas Rules of Civil Procedure as the original cannot be produced because the family members have been unable to locate it in any of the effects or on any property

C-POSTING DEC – 3 2014

of the Decedent. The contents of the Will dated February 26, 2014 are as follows:

Such Will states that Thomas L. Baumgarten was unmarried at the time the Will was written and he had no children. Such Will directed that the entire residue of the Decedent's Estate goes to Paul Jennings Baumgarten. Such Will further states that if Paul Jennings Baumgarten fails to survive, the entire residue of the Decedent's estate goes to Gilbert Jennings Baumgarten-Arias and if Gilbert Jennings Baumgarten-Arias fails to survive, then the entire residue goes to Teri Olivier. Such Will also states that if all beneficiaries fail to survive, then the residue of Decedent's estate goes to his heirs.

6. The name, address, age, relationship to the Decedent, and marital status of each person who is either a beneficiary named in the Will or is an heir of the Decedent who would inherit as an heir in the absence of a valid will are listed below:

| | |
|---|---|
| Name: | PAUL JENNINGS BAUMGARTEN |
| Address: | 14 Stonegate Park, Spring, Texas 77379 |
| Age: | 62 |
| Relationship: | Brother |
| Marital Status: | Married |

7. A necessity exists for the administration of the Estate.

8. After the date of the Will, no child was born to or adopted by Decedent.

9. No marriage of the Decedent was ever dissolved after the will was made.

10. The Decedent had two brothers who predeceased him. David Michael Baumgarten who died on January 1, 2014, who had no children and Billie Joe Baumgarten who died in infancy in 1946, who had no children.

11. Decedent's Will named PAUL JENNINGS BAUMGARTEN to serve as Independent Executor to act independently without bond or other security. PAUL JENNINGS BAUMGARTEN resides in Spring, Harris County, Texas. PAUL JENNINGS BAUMGARTEN is not disqualified by law from serving as such or from accepting Letters Testamentary, and is entitled to such letters.

12. No state, governmental agency of the state, nor charitable organization is named

by the Will as a devisee.

13. The Will was made self-proved in the manner prescribed by law and the subscribing witnesses to the Will are Lisa N. Malveaux, and Vanessa Aleman.

WHEREFORE, Applicant prays that citation issue as required by law to all persons interested in this Estate; that the copy of the Will be admitted to probate; that Letters Testamentary be issued to PAUL JENNINGS BAUMGARTEN; and that all other Orders be entered as the Court may deem proper.

Respectfully submitted,

**LAW OFFICE OF SHARON C. STODGHILL**

BY: _____

SHARON C. STODGHILL
State Bar No.: 00785058
JOHN T. ELLIOTT
State Bar No.: 24055444
952 Echo Lane, Suite 330
Houston, Texas 77024
(713) 464-6412 (Telephone)
(713) 827-7483 (Facsimile)
sharon.stodghill@scslawyer.com

**ATTORNEYS FOR PAUL JENNINGS BAUMGARTEN**

EXHIBIT 2



# LAST WILL AND TESTAMENT
## OF
### THOMAS L. BAUMGARTEN

I, THOMAS L. BAUMGARTEN, of Harris County, Texas, make this my Last Will and Testament, and I revoke all Wills and Codicils previously made by me.

## ARTICLE I.
### Identification

A.    **Children.**  I have no children.

B.    **Brother.**   I have one surviving brother, PAUL JENNINGS BAUMGARTEN, for whom I am making provisions in my Will.

## ARTICLE II.
### Memorandum

I request that the beneficiaries of my estate and my Executor honor the provisions of any memorandum written by me directing the disposition of any portion of my personal and household effects.

## ARTICLE III.
### Specific Bequests

A.    **Personal Property.** All of my interest in any motor vehicles, boats and personal watercraft, household goods, appliances, furniture and furnishings, pictures, silverware, china, glass, books, clothing, jewelry or other articles of personal use or ornament, and other personal effects of a nature, use or classification similar to the foregoing, except as may be provided in a memorandum authorized by Article II, shall be distributed in the same manner as the residue of my estate, with such property to be divided and allocated as such beneficiaries may agree, or if they cannot agree, as my Executor shall decide. If any beneficiary hereunder is a minor, my Executor may distribute such minor's share to such minor or for such minor's use to any person with whom such minor is residing or who has the care or control of such minor without further responsibility, and the receipt of the person to whom such minor's share is distributed shall be a complete discharge of my Executor. The cost of packing and shipping such property to any such beneficiary shall be charged against my estate as an expense of administration.


TLB

1

## ARTICLE IV.
### Residue

I give all of the residue of my estate to PAUL JENNINGS BAUMGARTEN. If PAUL JENNINGS BAUMGARTEN fails to survive me, I give all of the residue of my estate to GILBERT JENNINGS BAUMGARTEN-ARIAS. If GILBERT JENNINGS BAUMGARTEN-ARIAS fails to survive me, I give all of the residue of my estate to TERI OLIVIER. If all of the beneficiaries listed above fail to survive me, then I give all of the residue of my estate to my heirs.

## ARTICLE V.
### Executor Appointments

A.   **Executor.**   I appoint my brother, PAUL JENNINGS BAUMGARTEN, to be Independent Executor of my Will and estate. If PAUL JENNINGS BAUMGARTEN fails to qualify, dies, resigns, becomes incapacitated, or otherwise ceases to serve, I appoint my nephew, GILBERT JENNINGS BAUMGARTEN-ARIAS, to be Independent Executor of my Will and estate. If GILBERT JENNINGS BAUMGARTEN-ARIAS fails to qualify, dies, resigns, becomes incapacitated, or otherwise ceases to serve, I appoint my friend, TERI OLIVIER, to be Independent Executor of my Will and estate.

B.   **Bond; Independent Administration.**   No bond or other security shall be required of my Executor in any jurisdiction. No action shall be required in any court in relation to the settlement of my estate other than the probating and recording of my Will and, if required by law, the return of an inventory, appraisement, and list of claims of my estate. An affidavit in lieu of inventory may be substituted for an inventory, appraisement, and list of claims if permitted by law.

C.   **Expenses and Compensation.**   Every Executor shall be reimbursed for the reasonable costs and expenses incurred in connection with such Executor's duties. No Executor shall receive any compensation for serving under this Will.

D.   **Ancillary Executors.**   If my estate contains property located in another state or a foreign jurisdiction and my Executor cannot or chooses not to serve under the laws thereof, my Executor shall have the power to appoint an ancillary individual or corporate Executor of such property.

E.   **Multiple Executors.**   Unless another meaning is clearly indicated or required by context or circumstances, the term "Executor" shall also mean and include any Co-Executors,



TLB

2

alternates, or successors. Except as otherwise specifically provided in this Will, if two or more Executors are named or serving hereunder and any one or more, but not all, decline, fail or cease to serve for any reason, and no successor Executor is named herein, then the remaining Executor or Co-Executors, as the case may be, shall be appointed or continue to serve in such capacity. In all matters relating to my estate, the decision of a majority of the Executors then serving shall control. Any writing signed by the persons whose decision shall control shall be valid and effective for all purposes as if signed by all such Executors.

F.  **Involuntary Removal.** An individual Executor serving hereunder shall be treated as having failed to serve or as having ceased to serve if such Executor refuses to arrange for or submit to a mental status examination requested by any individual specifically named to serve as a successor to such fiduciary, the purpose of which is to determine whether such Executor should be permitted to continue to serve as Executor hereunder, provided that such examinations shall not occur more frequently than once every two years, and provided further that the cost of such examinations shall be paid by my estate.

## ARTICLE VI.
### Executor Powers

Each Executor shall, to the extent permitted by law, act independently and free from the control of any court as to my estate (and as to all of the property of my estate). Each Executor shall have and possess all powers and authorities conferred by statute or common law in any jurisdiction in which such Executor may act, except for any instance in which such powers and authorities may conflict with the express provisions of this Will, in which case the express provisions of this Will shall control. In addition to such powers and authorities, each Executor shall have and possess the following powers and authorities (each of which shall be exercisable in the discretion of such Executor) with respect to my estate, and the following provisions shall apply to my estate:

(1)  To retain, in the discretion of my Executor, any property owned by me without regard to the duty to diversify investments under the laws governing my estate and without liability for any depreciation or loss occasioned by such retention;

(2)  To exchange, sell or lease for cash, property or credit, or to partition, publicly or privately, at such prices, on such terms, times and conditions and by instruments of such character and with such covenants as my Executor deems proper, all or any part of the properties of my estate, including real property, and no vendee or lessee shall be required to look to the application of

TLB

3

any funds paid to my Executor;

(3)     To borrow money from any source (including any Executor) and to mortgage, pledge, or in any other manner encumber all or any part of the properties of my estate as may be advisable in the judgment of my Executor for the advantageous administration of my estate;

(4)     To make, in the discretion of my Executor, any distribution required or permitted to be made to any beneficiary under this Will in any of the following ways when such beneficiary is a minor or is incapacitated: (i) to such beneficiary directly; (ii) to the guardian or conservator of such beneficiary's person or estate; (iii) by utilizing the same, directly and without the interposition of any guardian or conservator, for the health, support, maintenance, or education of such beneficiary; (iv) to a person or financial institution serving as custodian for such beneficiary under a uniform gifts to minors act or a uniform transfers to minors act of any state; (v) by reimbursing the person who is actually taking care of such beneficiary (even though such person is not the legal guardian or conservator) for expenditures made by such person for the benefit of such beneficiary; and (vi) by managing such distribution as a separate fund on the beneficiary's behalf, subject to the beneficiary's continuing right to withdraw the distribution; and the written receipts of the persons receiving such distributions shall be full and complete acquittances to my Executor;

(5)     To make divisions, partitions, or distributions in money or in kind, or partly in each, whenever required or permitted to divide, partition, or distribute all or any part of my estate; and, in making any such divisions, partitions, or distributions, the judgment of my Executor in the selection and valuation of the assets to be so divided, partitioned, or distributed shall be binding and conclusive; and, further, my Executor shall be authorized to make distributions from my estate on a non-pro rata basis;

(6)     To invest and reinvest the properties of my estate in any kind of property whatsoever, real or personal (including oil, gas and other mineral leases, royalties, overriding royalties and other interests), whether or not productive of income and without regard to the proportion that such property or property of a similar character held may bear to my entire estate; and

(7)     To enter into any transaction on behalf of my estate (including loans to beneficiaries for adequate security and adequate interest) despite the fact that another party to any such transaction may be (i) a trust of which any Executor under this Will is also a trustee; (ii) an estate of which any Executor under this Will is also an executor, personal representative or administrator, including my estate; (iii) a business or trust controlled by any Executor under this Will or of which any such Executor, or any director, officer or employee of any such corporate Executor is also a director, officer or employee; or (iv) any beneficiary



TLB

4

or Executor under this Will acting individually.

## ARTICLE VII.
### Miscellaneous

**A.** **Spendthrift Provisions.** Prior to the actual receipt of property by any beneficiary, no property (income or principal) distributable under this Will shall, voluntarily or involuntarily, be subject to anticipation or assignment by any beneficiary, or to attachment by or to the interference or control of any creditor or assignee of any beneficiary, or taken or reached by any legal or equitable process in satisfaction of any debt or liability of any beneficiary, and any attempted transfer or encumbrance of any interest in such property by any beneficiary hereunder prior to distribution shall be void.

**B.** **Survivorship Provisions.** No person shall be deemed to have survived me if such person shall die within 90 days after my death. Any person who is prohibited by law from inheriting property from me shall be treated as having failed to survive me.

**C.** **Payment of Debts.** I direct that all of my legal debts, funeral and testamentary expenses, costs and expenses of administration of my estate, and all estate, inheritance, transfer and succession taxes (Federal, State and others) upon or with respect to any property required to be included in my gross estate under the provisions of any law, and whether or not passing hereunder, shall be paid as soon after my death as in the opinion of my Executor is practical and advisable. If at the time of my death any of my property is subject to a mortgage, lien, or other debt, I direct that the devisee taking such property shall take it subject to such mortgage, lien, or other debt, and that such person shall not be entitled to have the obligation secured thereby paid out of my general estate. My Executor is specifically given the right to renew, refinance and extend, in any form that my Executor deems best, any secured or unsecured debt or charge existing at the time of my death. Under no circumstances shall my Executor be required to prepay any debt of mine.

**D.** **Descendants.** References to "descendant" or "descendants" mean lineal blood descendants of the first, second or any other degree of the ancestor designated; provided, however, such references shall include, with respect to any provision of this Will, descendants who have been conceived at any specific point in time relevant to such provision and who thereafter survive birth; and provided, further, except as hereinafter provided in this Section, an adopted child and such adopted child's lineal descendants by blood or adoption shall be considered under my Will as lineal blood descendants of the adopting parent or parents and of anyone who is by blood or adoption a lineal ancestor of the adopting parent or of either of the adopting parents. Notwithstanding any provision in this Will to the contrary, any person who is


TLB

5

adopted (by anyone other than me) after reaching age 18 and any person who is a lineal descendant (whether by blood or adoption) of such person who is adopted (by anyone other than me) after reaching age 18 shall not be included in the definition of "descendant" or "descendants" and shall not be considered as a lineal blood descendant of the adopting parent or parents.

E. **Incapacitated.** A beneficiary shall be deemed "incapacitated" if my Executor, in my Executor's reasonable discretion, determines that such beneficiary lacks the ability, due to a physical or mental condition, to manage his or her own personal and financial affairs. My Executor shall be deemed "incapacitated" if and for as long as (i) a court of competent jurisdiction has made a finding to that effect, (ii) a guardian or conservator of such Executor's person or estate has been appointed by a court of competent jurisdiction and is serving as such, or (iii) two physicians (licensed to practice medicine in the state where my Executor is domiciled at the time of the certification, and one of whom shall be board certified in the specialty most closely associated with the cause of such Executor's incapacity) certify that due to a physical or mental condition my Executor lacks the ability to manage his or her own personal and financial affairs. An incapacitated Executor shall be deemed to have regained capacity if there is a finding to that effect by a court of competent jurisdiction or if two physicians (with the same qualifications described above) certify that the Executor is capable of managing his or her personal and financial affairs.

F. **Heirs.** References to "heirs" are to those persons who would inherit separate personal property from the person designated under the statutes of descent and distribution of the State of Texas, if such person died intestate and single at such time.

TLB

6

IN TESTIMONY WHEREOF, I have placed my initials on each of the foregoing pages of this, my Last Will and Testament, and in the presence of two witnesses, who are acting as witnesses at my request, in my presence and in the presence of each other, I hereunto sign my name, on the _20_ day of _February_ , in the year 2014.

_(signature)_
THOMAS L. BAUMGARTEN, Testator

The foregoing instrument was signed by the testator in our presence and declared by the testator to be his Last Will and Testament, and we, the undersigned witnesses, sign our names hereunto as witnesses at the request and in the presence of the testator, and in the presence of each other, on the _20_ day of _February_ , in the year 2014.

_(signature)_
LISA N. MALVEAUX
952 Echo Lane, Suite 330
Houston, Texas   77024

_(signature)_
VANESSA ALEMAN
952 Echo Lane, Suite 330
Houston, Texas   77024

_(initials)_
TLB

7

# SELF-PROVING AFFIDAVIT

STATE OF TEXAS            §
                                             §

COUNTY OF HARRIS          §

        Before me, the undersigned authority, on this day personally appeared THOMAS L. BAUMGARTEN, LISA N. MALVEAUX and VANESSA ALEMAN, known to me to be the testator and the witnesses, respectively, whose names are subscribed to the annexed or foregoing instrument in their respective capacities, and, all of such persons being by me duly sworn, the said THOMAS L. BAUMGARTEN, testator, declared to me and to the witnesses in my presence that such instrument is his last will and testament, and that he had willingly made and executed it as his free act and deed; and the witnesses, each on his or her oath stated to me, in the presence and hearing of the testator, that the testator had declared to them that such instrument is his last will and testament, and that he executed same as such and wanted each of them to sign it as a witness; and upon their oaths each witness stated further that they did sign the same as witnesses in the presence of the testator and at his request; that he was at that time eighteen years of age or over (or being under such age, was or had been lawfully married, or was then a member of the armed forces of the United States or of an auxiliary thereof or of the Maritime Service) and was of sound mind; and that each of the witnesses was then at least fourteen years of age.

_____
THOMAS L. BAUMGARTEN, Testator

_____
LISA N. MALVEAUX

_____
VANESSA ALEMAN

        Subscribed and sworn to before me by THOMAS L. BAUMGARTEN, testator, and by LISA N. MALVEAUX and VANESSA ALEMAN, witnesses, on the _Qc⁺ʰ_ day of _February_, in the year 2014.

_____
Notary Public, State of Texas

SHARON STODGHILL
Notary Public, State of Texas
My Commission Expires
March 05, 2017

_____
TLB

8

EXHIBIT 3

**No. 435,704**

| | | |
|---|---|---|
| **IN THE ESTATE OF** | § | **IN THE PROBATE COURT** |
| | § | |
| **THOMAS L. BAUMGARTEN** | § | **NO. TWO (2)** |
| | § | |
| **DECEASED** | § | **HARRIS COUNTY, TEXAS** |

## CONTEST OF WILL

1.      Thomas L. Baumgarten died on November 21, 2014. His executor, Paul Jennings Baumgarten filed a will into the probate court in Harris County, Cause No. 435,704 on December 2, 2014.

2.      Daisy Wanda Garcia, Baumgarten claims she is the common law spouse of Thomas L. Baumgarten and has standing to file this contest of will.

3.      Garcia and Baumgarten cohabitated as husband and wife beginning in 1969, with the understanding that they agreed to be married.

4.      Garcia and Baumgarten purchased real property together as husband and wife on June 1, 1977.

5.      Garcia and Baumgarten sold said property and bought another real property on January 29, 1979 as husband and wife.

6.      Garcia and Baumgarten lived together as husband and wife for two years in their community property, at which time Baumgarten moved to Houston and the two remained separated until his death.

7.      Garcia and Baumgarten both publically referred to each other as husband and wife and applied for loan resulting in Deeds of Trust which state "wife".

8.      Garcia and Baumgarten never obtained a marriage license or participated in a marriage ceremony, and never obtained a divorce.

9. Baumgarten executed a Last Will and Testament which was signed on February 26, 2014, which did not name Daisy Wanda Garcia as his wife.

10. Garcia claims the omission was either a mistake or fraud on the part of Thomas L. Baumgarten, as, at the time of his death, he had been actively engaged in a law suit for half of the community property in a law suit, *Baumgarten v. Garcia*. Cause No. D-1-GN-12-002429, In the 201st Judicial District Court, Travis County, Texas, filed August 9, 2012.

11. Garcia alleges that Executor Paul Jennings Baumgarten is and was aware of the controversy of the real property suit in Austin.

12. Daisy Wanda Garcia asserts her interest and common law rights of community property to the estate of Thomas Baumgarten.

Respectfully submitted,

_____
Daisy Wanda Garcia
1501 W. 9th
Austin, Texas 78703
(512) 478-7612

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the attached Contest of Will was sent by U. S. Postal Service on March 16, 2015 to:

Sharon C. Stodghill
LAW OFFICE OF SHARON C. SODGHILL
952 Echo Lane, Suite 330
Houston, Texas 77024

_____