ACCEPTED
15-24-00135-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
1/23/2025 9:52 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-24-00135-CV

# IN THE FIFTEENTH COURT OF APPEALS OF TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
1/23/2025 9:52:46 PM
CHRISTOPHER A. PRINE
Clerk

_____

**IN RE WESTDALE ASSET MANAGEMENT, LTD.; JGB VENTURES I, LTD.; JOSEPH BEARD; AND WESTDALE INVESTMENTS, L.P.**

_____

**Original proceeding arising from the
Business Court of Texas, First Division
Honorable Andrea K. Bouressa, Presiding
Cause No. 24-BC01A-0006**

_____

**REAL PARTY IN INTEREST
CHRISTORPHER SETER'S RESPONSE TO
PETITION FOR WRIT OF MANDAMUS**

_____

**BRIAN P. SANFORD**
**Texas Bar No. 17630700**
**bsanford@sanfordfirm.com**
**ELIZABETH SANFORD**
**Texas Bar No. 24100618**
**esanford@sanfordfirm.com**
**THE SANFORD FIRM**
**1910 Pacific Ave., Suite 15400**
**Dallas, Texas 75201**
**(214) 717-6653**
**(214) 919-0113 Fax**
*Counsel for*
*Real Party in Interest*

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ......................................................................................iii

STATEMENT OF THE CASE.................................................................................. 1

STATEMENT OF FACTS ........................................................................................ 1

INTRODUCTION......................................................................................................2

ARGUMENT ..............................................................................................................2

    I.  Issue 1: Jurisdiction .........................................................................................2

    II.  Issue 2: Adequate Remedy.............................................................................4

PRAYER .....................................................................................................................5

CERTIFICATE OF SERVICE..................................................................................6

CERTIFICATE OF COMPLIANCE.........................................................................7

# INDEX OF AUTHORITIES

**Cases**                                                                  **Page(s)**

*Barcroft v. Walton*,
 2017 WL 3910911,n.5 (Tex. App.—Fort Worth Sept. 7, 2017, no pet.) ................5

*In re Acad., Ltd.*,
 625 S.W.3d 19 (Tex. 2021) ........................................................................5

*In re Garza*,
 544 S.W.3d 836 (Tex. 2021).....................................................................5

*In re Puig*,
 351 S.W.3d 301 (Tex. 2011) ....................................................................4

*Peek v. Mayfield*,
 2021 WL 3205061, n.2 (Tex. App.—Fort Worth July 29, 2021, no pet.) ..............4

*Yassan v. J.P. Morgan Chase & Co.*,
 708 F.3d 963 (7th Cir. 2013)................................................................. 3, 4

**Statutes**

28 U.S.C. § 1446(c) ....................................................................................4

**Rules**

Fed. R. Civ. P. 3 ........................................................................................3

Tex. R. Civ. P. 22 ......................................................................................3

Texas Rule of Appellate Procedure 9.4 ....................................................7

**TO THE HONORABLE FIFTEENTH COURT OF APPEALS:**

Real Party in Interest Christopher Seter responds to the petition for writ of mandamus filed by Relators Westdale Asset Management, Ltd.; JGB Ventures I, Ltd.; Joseph Beard; and Westdale Investments, L.P. The petition should be denied because Seter commenced the underlying case before September 1, 2024 and Relators have adequate remedies on appeal.

## STATEMENT OF THE CASE

Seter's claims arise from breach of a partnership agreement and breach of fiduciary duties by Relators.

**Issue One**

Did the Business Court abuse its discretion in finding that the Business Court Act did not apply to the underlying case because it was commenced before September 1, 2024?

**Issue Two**

Do Relators have an adequate remedy by appeal the Business Court's order?

## STATEMENT OF FACTS

On May 28, 2021, Seter filed the underlying case against Relators in Dallas County Court at Law No. 3. Trial began July 8, 2024. However, the Court declared a mistrial because of Relators' conduct and reset the case for trial to begin on January

1

27, 2025. On September 30, 2024, Relators removed the case to the Business Court, First Division. On October 29, 2024, Seter filed a motion in the Business Court to remand the case to the County Court. On December 16, 2024, after a hearing and considering letter briefs, the Business Court granted Seter's motion and ordered that the case be remanded to the County Court. The County Court postponed the trial setting of January 27, 2025, pending the review of Relators' petition for writ of mandamus by this Court.

## ARGUMENT

**Issue 1:**     **Jurisdiction**

The Business Court acknowledged that the legislation creating the Business Court specifically states that the Court "is created September 1, 2024" and that "changes in law made by this Act apply to civil actions commenced on or after September 1, 2024." Act of May 25, 2023, 88th Leg., R.S., ch. 380 (H.B. 19 §§5, 8); 2023 Tex. Sess. Law Serv. 919, 929 (H.B. 19). The Business Court found that the underlying action commenced before September 1, 2024; and therefore, the Business Court was without jurisdiction. This is not an abuse of discretion.

A removal does not commence a new lawsuit; it continues a lawsuit previously commenced in the procedural posture temporally manifested in the underlying case.

*See, e.g. Yassan v. J.P. Morgan Chase & Co.,* 708 F.3d 963, 971 (7th Cir. 2013). Relators agree that *file* refers to the beginning of a lawsuit but claim that *commence* is different. This is not accurate. *Commence* more specifically annotates of a lawsuit than file. a beginning than "Mirriam-Webster's definition of *commence* is "to have or make a beginning: start."[1] Compare the shorthand word *file* used as an ellipsis for *file suit* with the formal use of *commence* justified as referring to the beginning of lawsuit. *See* Bryan A. Garner, A Dictionary of Modern Legal Usage, 174, 358 (2d ed. 1995). At best, the meaning of the two terms are identical when referring to the beginning of a lawsuit. As Relator's note, a lawsuit commences in federal court with the filing of a complaint. FED. R. CIV. P. 3. In a Texas court, a suit "shall be *commenced* by a petition filed in the office of the clerk." TEX. R. CIV. P. 22. (emphasis added).

Removing a case in federal court does not commence a new lawsuit; it continues a lawsuit previously commenced in the procedural posture temporally manifested in the underlying case. *See, e.g. Yassan v. J.P. Morgan Chase & Co.,* 708 F.3d 963, 971 (7th Cir. 2013). The federal removal statute confirms this in its use of *commence*, providing that removal based on diversity jurisdiction must be made not

---

[1] https://www.merriam-webster.com/dictionary/commence#:~:text=commence-,verb,%2C%20or%20operation%20%3A%20begin%2C%20start (last visited January 23, 2025).

"more than 1 year after *commencement* of the action." 28 U.S.C. § 1446(c). Relators' argument that *commenced* includes removal also renders the statement in the Act that it will "apply to civil actions commenced on or after September 1, 2024" meaningless or superfluous. The statement in Section 9 of the effective date would be sufficient without further explanation. The Business Court decision is sound.

**Issue 2:      Adequate Remedy**

Relators have an adequate remedy of appeal and the petition is not warranted. Section 25A.004 of the Act provides that Business Court has concurrent jurisdiction with a County Court. When two courts have concurrent jurisdiction, the issues is one of dominant jurisdiction. *See In re Puig*, 351 S.W.3d 301, 305 (Tex. 2011) (concerning probate proceedings).

Dominant jurisdiction has been described as "more of a venue issue than a true jurisdictional one." *Peek v. Mayfield*, No. 02-20-00107-CV, 2021 WL 3205061, at *4 n.2 (Tex. App.—Fort Worth July 29, 2021, no pet.) (quoting 1 McDonald & Carlson Tex. Civ. Prac. § 3:13 (2d. ed.)). *See also Barcroft v. Walton*, No. 02-16-00110-CV, 2017 WL 3910911, at *2 n.5 (Tex. App.—Fort Worth Sept. 7, 2017, no pet.) (mem. op.). Although couched in jurisdictional terms, a remand to County Court from Business Court is more of a venue issue.

The remand order is not final. Relators have the ability to appeal a final decision after a final judgment in the County Court to resolve their dispute that may be characterized as essentially a venue issue made within the Business Court's discretion. A trial court abuses its discretion when it acts with disregard for guiding rules or principles or when it acts in an arbitrary or unreasonable manner. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2021) (orig. proceeding). Courts determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Acad., Ltd.*, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding). Here, the parties have litigated the case for over three years and actually started a trial. Delays in transferring the underlying case to a new court at this late stage in the proceeding does not warrant mandamus review. Further, Relators have an appeal remedy to the Fifteenth Court of Appeals after a final judgment in the County Court.

## PRAYER

Real Party in Interest Christopher Seter requests that this Court deny the petition for mandamus.

Respectfully submitted,

*/s/ Brian P. Sanford*
Brian P. Sanford
Texas Bar No. 17630700
Elizabeth "BB" Sanford
Texas Bar No. 24100618

**THE SANFORD FIRM**
2711 Hibernia Street
Dallas, Texas 75204
Telephone: (214) 717-6653
Facsimile: (214) 919-0113
bsanford@sanfordfirm.com
esanford@sanfordfirm.com

**ATTORNEYS FOR REAL PARTY IN INTEREST CHRISTOPHER SETER**

## CERTIFICATE OF SERVICE

I certify that on January 23, 2025, this document was filed with the Clerk of the Court using the electronic filing system of the Court, and was served on all counsel of record, via efile:

*/s/ Brian P. Sanford*

6

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this brief complies with the typeface requirements of Texas Rule of Appellate Procedure 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document complies with the word-count limitations of Texas Rule of Appellate Procedure 9.4(i) because it contains 992 words, excluding any parts exempted by Texas Rule of Appellate Procedure 9.4(i)(1).

*/s/ Brian P. Sanford*
Brian P. Sanford

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 96552283
Filing Code Description: Response
Filing Description: REAL PARTY IN INTEREST CHRISTORPHER SETER???S RESPONSE TO PETITION FOR WRIT OF MANDAMUS
Status as of 1/24/2025 7:01 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| C. GregoryShamoun | | g@snlegal.com | 1/23/2025 9:52:46 PM | SENT |
| Stephen R.Tittle | | s@snlegal.com | 1/23/2025 9:52:46 PM | SENT |
| BB Sanford | | esanford@sanfordfirm.com | 1/23/2025 9:52:46 PM | SENT |
| Lucas A.Diaz | | lad@snlegal.com | 1/23/2025 9:52:46 PM | SENT |
| Brian K.Norman | | bkn@snlegal.com | 1/23/2025 9:52:46 PM | SENT |
| Daniela Rials | | der@snlegal.com | 1/23/2025 9:52:46 PM | SENT |
| Tim Otts | | totts@sanfordfirm.com | 1/23/2025 9:52:46 PM | SENT |
| Russell DePalma | | rjd@snlegal.com | 1/23/2025 9:52:46 PM | SENT |
| Andrea KellyBouressa | | BCDivision1A@txcourts.gov | 1/23/2025 9:52:46 PM | SENT |
| Christopher Seter | | bsanford@sanfordfirm.com | 1/23/2025 9:52:46 PM | SENT |