In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-15-00111-CV

_____


IN RE AIR LIQUIDE INDUSTRIAL U.S. LP

_____

**Original Proceeding**
_____

**MEMORANDUM OPINION**

Air Liquide Industrial U.S. LP, ("Relator" or "ALIUS"), filed a petition for writ of mandamus seeking relief from orders signed by the presiding judge of the County Court at Law Number One of Jefferson County, Texas. Relator presents two issues in this original proceeding: (1) whether the trial court lacks jurisdiction to hear the claims of the real party in interest, Gulf Coast Fabricators, Inc. ("Gulf Coast") because a district court in Harris County has assumed dominant jurisdiction over the dispute; and (2) whether the trial court abused its discretion in compelling responses to impermissibly overbroad requests for discovery.

## PLEA TO THE JURISDICTION

According to the record currently before us, there are three pending lawsuits that relate to a dispute between ALIUS and Gulf Coast regarding a Bulk Product Agreement wherein ALIUS would supply Gulf Coast with argon gas: (1) a declaratory judgment action filed by Gulf Coast on September 4, 2014, in the County Court at Law Number One of Jefferson County; (2) a breach of contract action filed by ALIUS on October 10, 2014, in the 157th District Court of Harris County; and (3) a breach of contract action against an ALIUS affiliate Air Liquide Large Industries U.S. LP ("ALLI"), filed by Gulf Coast on January 23, 2015, in the 172nd District Court of Jefferson County. Gulf Coast contends the County Court at Law Number One retains dominant jurisdiction because it is the court with the first-filed case. ALIUS contends the County Court at Law Number One lacks jurisdiction because the 157th District Court took dominant jurisdiction when it denied Gulf Coast's plea in abatement.

As a general rule, "when [a] suit would be proper in more than one county, the court in which [the] suit is first filed acquires dominant jurisdiction to the exclusion of other courts." *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988). Exceptions to the general rule apply where: (1) a party's conduct estops that party from asserting prior active jurisdiction; (2) a party is not before

2

the court of the first-filed suit and cannot be joined; or (3) the plaintiff lacks intent to prosecute the first lawsuit. *Id.* ALIUS argues the Harris County district court asserted dominant jurisdiction over the dispute and that such jurisdiction remains in the Harris County action unless and until that court's ruling on the plea in abatement is set aside. *See generally Clawson v. Millard*, 934 S.W.2d 899, 901 (Tex. App.—Houston [1st Dist.] 1996, orig. proceeding) (the second court may assume dominant jurisdiction if, upon hearing a plea in abatement, it determines that any of the *Wyatt* exceptions apply).

"The proper method for contesting a court's lack of dominant jurisdiction is the filing of a plea in abatement, not a plea to the jurisdiction[.]" *In re Puig*, 351 S.W.3d 301, 303 (Tex. 2011) (orig. proceeding). A plea in abatement was filed—and denied—in the Harris County case, but ALIUS has not shown this Court that it asked the judge of the County Court at Law Number One to abate the Jefferson County case until a court with mandamus jurisdiction over the Harris County judge or appellate jurisdiction over the Harris County case determines whether the 157th District Court abused its discretion in ruling that it had dominant jurisdiction over the dispute. *See id.* at 306 (mandamus relief is appropriate when a court issues an order which actively interferes with the exercise of jurisdiction by a court

3

possessing dominant jurisdiction).[1] We conclude that the trial court did not commit a clear abuse of discretion in denying Relator's plea to the jurisdiction. *Id.*

COMPELLING OVERLY-BROAD DISCOVERY

Next, we address whether the trial court erred in compelling responses to overbroad discovery. The dispute between the parties relates to a supply agreement. In August 2014, ALIUS sent Gulf Coast notices that four of its sources of argon had temporarily ceased production and declared a "Force Majeure Period" during which ALIUS estimated it could provide seventy percent of Gulf Coast's normal monthly product consumption. Gulf Coast's petition for declaratory judgment seeks a judicial determination that the contract's "Excuse of Performance" provision does not apply, that Gulf Coast has fully complied with its obligations under the agreement, that Gulf Coast has not breached the agreement, and that Gulf Coast and ALIUS have no more continuing obligations under the contract. In response to Gulf Coast's motion to compel, ALIUS argued to the trial

---

[1] In the proceedings before the 157th District Court, ALIUS argued the County Court at Law Number One of Jefferson County did not acquire jurisdiction over the case because the Bulk Services Agreement was a multi-million dollar contract and, consequently, the amount in controversy in Gulf Coast's declaratory judgment action and ALIUS's breach of contract claim exceeded the jurisdictional limit of the county court at law. We express no opinion concerning whether the Harris County court abused its discretion by denying Gulf Coast's plea in abatement.

4

court that Gulf Coast's discovery requests are not reasonably calculated to lead to discoverable evidence and are overly broad.

Requests to produce must specify the items to be produced with reasonable particularity. Tex. R. Civ. P. 196.1(b). "The trial court abuses its discretion by ordering discovery that exceeds that permitted by the rules of procedure." *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding). "A central consideration in determining overbreadth is whether the request could have been more narrowly tailored to avoid including tenuous information and still obtain the necessary, pertinent information." *Id.* at 153. "Overbroad requests for irrelevant information are improper whether they are burdensome or not[.]" *In re Allstate Cnty. Mut. Ins. Co.*, 227 S.W.3d 667, 670 (Tex. 2007) (orig. proceeding). "It is the discovery proponent's burden to demonstrate that the requested documents fall within the scope-of-discovery of Rule 192.3." *In re TIG Ins. Co.*, 172 S.W.3d 160, 167 (Tex. App.—Beaumont 2005, orig. proceeding); *see also* Tex. R. Civ. P. 192.3. The proponent of discovery covering large periods of time must make a threshold evidentiary showing to demonstrate how the discovery will result in the production of relevant evidence. *In re Mallinckrodt, Inc.*, 262 S.W.3d 469, 473 (Tex. App.—Beaumont 2008, orig. proceeding).

Gulf Coast concedes that Requests for Production Numbers 4 and 17 are overly broad. Request for Production Number 4, which ALIUS states asks for documents about its purchases of argon, requires production of "[a]ll correspondence, communications, emails to and from any person affiliated with any entity listed in your response to Interrogatory #1, from July 2006 to September 2014." Request for Production 17 asks for "[a]ll documents relating to your claim for attorneys fees, including but not limited to engagement contract with Baker Botts, hourly rates, monthly billings, etc. To the extent that this may contain references that you contend reveal attorney-client or attorney-work product privileged information, same may be redacted." The trial court abused its discretion by compelling responses to requests for production that the real party in interest concedes are overbroad. *See CSX Corp.*, 124 S.W.3d at 152.

In addition to the requests that Gulf Coast concedes are overly broad, ALIUS challenges eleven additional requests for production of documents.

*Argon Suppliers*

In its discovery requests, Gulf Coast requested documents "pertaining to ALIUS's Argon Suppliers" over a period of time in excess of eight years, beginning three months before the effective date of the Bulk Product Agreement. The requests call for production of the following:

REQUEST FOR PRODUCTION NO. 2: Any and all documents pertaining to ALIUS's Argon Suppliers from July 2006 to September 2014, including amounts received and price paid, per month from July 2006 to September 2014.

REQUEST FOR PRODUCTION NO. 3: Any and all documents pertaining to ALIUS' Argon Suppliers from July 2006 to September 2014, buying Argon from you for supplying Argon to you.

REQUEST FOR PRODUCTION NO. 5: All documents reflecting any efforts made by you to obtain Argon from any source other than those listed in your response to Interrogatory # 1 (or any source listed in Interrogatory #2 who were not, at the time of said efforts, supplying Argon to you), from July 2006 to September 2014.

By granting Gulf Coast's motion to compel, the trial court allowed unfettered discovery of all of ALIUS's argon transactions and every record of every activity related to obtaining argon where no transaction occurred. The requests ask for "any" and "all" documents "pertaining to" suppliers of argon, potential suppliers of argon, and buyers of argon reaching back eight years before the supply disruption that Gulf Coast alleges allowed it to terminate the contract. Gulf Coast suggests that the evidence will show that during the time period of the contract ALIUS shifted from having reserve capacity to one with little margin for error, and argues the relevant inquiry is not whether ALIUS acted reasonably when it notified Gulf Coast of the supply disruption, but whether it engaged in irresponsible risk-taking. But, the requests for "any and all documents pertaining to" argon suppliers are insufficiently specific to put ALIUS on notice of the

7

documents it must produce. *See TIG*, 172 S.W.3d at 164. Furthermore, ALIUS's previous reserve capacity would not be relevant to its capacity in August 2014, when the shortage occurred. "This is precisely the sort of fishing expedition that harvests vast amounts of tenuous information along with the pertinent information" about the supply disruption, and as such the request is facially overbroad. *In re GMAC Direct Ins. Co.*, No. 09-10-00493-CV, 2010 WL 5550672, at *1 (Tex. App.—Beaumont Dec. 30, 2010, orig. proceeding) (mem. op.). The trial court abused its discretion in compelling discovery responses to requests that are facially overbroad both in time and in scope. *See id.*

*Possible Sources of Argon*

The trial court compelled ALIUS to respond to a discovery request for all documents reflecting any solicitations, advertisements, trade shows or other possible source of argon:

> REQUEST FOR PRODUCTION NO. 6: All documents reflecting any solicitations, advertisements, trade shows, or other possible sources of obtaining Argon that were communicated to you or made available to you from July 2006 to September 2014.

ALIUS complains that this request strays far outside the parties actions related to the August 2014 supply disruption. Gulf Coast suggests the evidence could show ALIUS passed on opportunities to increase capacity, but the request impermissibly casts a net over a vast array of information without regard to

8

whether it will aid in the resolution of the disputed issue. *See GMAC*, 2010 WL 5550672, at *1. A request for "all" documents "reflecting" possible sources of obtaining argon is insufficiently specific to put ALIUS on notice of the documents it must produce. *See TIG*, 172 S.W.3d at 164. Furthermore, the availability of an advertisement for argon in July 2006 has no apparent connection to whether ALIUS could control its supply of argon in September 2014. A "fishing expedition" of this sort is impermissible. *See Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995) (orig. proceeding). Because the request is overbroad in time and in scope, the trial court abused its discretion in compelling ALIUS to respond to the request. *See id.*

*ALIUS'S Customers and Prospects*

The trial court compelled ALIUS to provide information about its other customers and potential customers, including:

REQUEST FOR PRODUCTION NO. 7: Please produce any and all documents pertaining to ALIUS' Argon delivery customers from July 2006 to September 2014, including amounts delivered and price paid, per month, from July 2006 to September 2014.

REQUEST FOR PRODUCTION NO. 8: Please produce true and correct copies of all contracts referenced in your answer to Request for Production #7.

REQUEST FOR PRODUCTION NO. 9: All documents reflecting any efforts made by you to sell Argon to any customer or potential customer other than those listed in your response to Request for

Production #6 (or any customer listed in Request to Production #6 who was not, at the time of said efforts, purchasing Argon from you).

REQUEST FOR PRODUCTION NO. 10: All documents reflecting any inquiries to you from any potential customer from July 2006 to September 2014.

Gulf Coast theorizes ALIUS increased sales "beyond the proper level" and suggests the requests will obtain relevant information. ALIUS's responses might provide evidence that ALIUS's argon orders exceeded its supply, but the requests impermissibly request information well beyond the time when the supply disruption occurred. *See Mallinckrodt*, 262 S.W.3d at 473. Requests to produce every document that reflects ALIUS's efforts to sell argon and every customer inquiry impermissibly capture a broad scope of information with no connection to the performance of the Bulk Product Agreement between ALIUS and Gulf Coast. The trial court abused its discretion in compelling responses to the requests because the requests are not narrowly tailored to avoid including tenuous information and still obtain necessary, pertinent information. *See CSX Corp.*, 124 S.W.3d at 153.

*Allocation Decisions*

The trial court compelled ALIUS to respond to requests for production concerning its allocation decisions for a period commencing eight years before this dispute arose, including:

REQUEST FOR PRODUCTION NO. 13: All documents showing how you allocated Argon among your customers at any time from July 2006 to September 2014 where you did not have sufficient Argon to meet all customer requirements and engaged in any manner of allocation.

REQUEST FOR PRODUCTION NO. 14: All documents referring to or containing any discussion about possible Argon allocations or the manner in which such allocation would be administered, from July 2006 to September 2014.

REQUEST FOR PRODUCTION NO. 16: All documents referring to or containing any discussion about your supply of Argon, including but not limited to whether it was sufficient or insufficient; the possibility of changes to the supply; contingency plans in the event of an adverse supply situation, or any similar discussion or subject, from July 2006 to September 2014.

The declaratory judgment action concerns a supply disruption that occurred in September 2014. The requests for production of documents concerning ALIUS's experience with previous supply disruptions over a preceding eight year period are overly broad and are not narrowly tailored to avoid including tenuous information. We conclude that the trial court abused its discretion in compelling responses to the requests. *See CSX Corp.*, 124 S.W.3d at 153; *Mallinckrodt*, 262 S.W.3d at 473.

CONCLUSION

We hold that the trial court did not abuse its discretion by denying ALIUS's plea to the jurisdiction, but the trial court did abuse its discretion by compelling ALIUS to respond to Gulf Coast's Requests for Production Numbers 2, 3, 4, 5, 6,

11

7, 8, 9, 10, 13, 14, 16, and 17. "A discovery order that compels production beyond the rules of procedure is an abuse of discretion for which mandamus is the proper remedy." *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 488 (Tex. 2014) (orig. proceeding). We are confident that the trial court will vacate its order compelling discovery and the writ of mandamus shall issue only if the trial court fails to comply with this opinion.

PETITION CONDITIONALLY GRANTED IN PART.


PER CURIAM


Submitted on April 10, 2015
Opinion Delivered April 28, 2015

Before Kreger, Horton, and Johnson, JJ.