**In re Alice M. PUIG in her Individual Capacity and in her Capacity as the Independent Administratrix of the Estate of Alicia Prieto Puig, and Charles B. Puig, Relators.**

No. 10–0460.

Supreme Court of Texas.

July 1, 2011.

Rehearing Denied Dec. 12, 2011.

---

John Andrew Kazen, Juan Francisco Tamez, Kazen Meurer & Perez LLP, Laredo, for Alice M. Puig.

Samuel V. Houston III, Lori D. Massey, Ford & Massey, P.C., San Antonio, for Charles B. Puig.

Dan Pozza, Law Office of Dan Pozza, San Antonio, Donato D. Ramos, Alfredo Ramos, Law Office of Donato D. Ramos, P.L.L.C., Laredo, Jeffrey Wells Oppel, Oppel & Goldberg, PLLC, Houston, for Puig Bros. Corp.

PER CURIAM.

■ In this case, we are asked to grant mandamus relief to correct a district court's denial of a plea to the jurisdiction. The plea challenged the district court's jurisdiction to determine the ownership of a ranch allegedly owned, in part, by an estate undergoing administration in a county court at law. Under our precedent, the issue here is one of dominant, not exclusive, jurisdiction. The proper method for contesting a court's lack of dominant jurisdiction is the filing of a plea in abatement, not a plea to the jurisdiction as the relators filed here. *See Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 247–48 (Tex.1988). Because the district court did not abuse its discretion in denying the relators' plea to the jurisdiction, we deny the petition for writ of mandamus.

In 1990, a corporation called Puig Bros. obtained title to the Webb County ranch in question. All of the Puig Bros. corporate shares were owned by Luis F. Puig, Jr. and his six children, Louis F. Puig, III, Robert J. Puig, Edward G. Puig, Alice M. Puig, Charles B. Puig, and Thomas A. Puig. In 1999, Luis filed for divorce from the children's mother, Alicia Prieto Puig. In the divorce, Alicia counterclaimed but did not join Puig Bros. as a party. When the divorce was granted in 2003, the trial court determined that Puig Bros. was operated as Luis's alter ego and disregarded it as a corporate entity. Upon division of the community estate, Alicia was awarded a 60% interest in the ranch.

Alicia, a resident of Fort Bend County, passed away shortly after the divorce and left a will naming her daughter, Alice Puig, independent administratrix and sole beneficiary of her estate. Because Fort Bend County lacks a statutory probate court, Alice filed her mother's will for probate in a Fort Bend county court at law and was duly issued letters of administration. In the course of her duties as administratrix of her mother's estate, Alice repeatedly called upon her father to execute documents transferring partial ownership of the ranch to Alicia's estate, but he refused to do so. The Fort Bend county court held Luis in contempt and issued an order appointing a master in chancery to act as his attorney-in-fact for the purpose of executing the required deed. The attorney-in-fact executed a special warranty deed, referred to here as the Harbour Deed, which transferred a 60% ownership interest in the ranch to Alicia.

After the Harbour Deed was properly recorded in the Webb County real property records, Louis, Robert, and Edward Puig, and Puig Bros. itself (collectively, the real parties in interest) filed suit against Alice and Charles Puig (collectively, the relators) in a Webb County district court. Based on Alicia's failure to join Puig Bros. as a party to the divorce proceeding, the declaratory judgment suit sought to void the Harbour Deed, to quiet title, and to declare the real parties the rightful owners of title to the ranch. Following the initiation of the real parties' suit, Luis passed away. The relators filed a plea to the jurisdiction and a motion to transfer venue to the Fort Bend county court in which the administration of Alicia's estate was pending. Despite the fact that the Fort Bend county court had already exercised jurisdiction over Alicia's estate, the Webb

County district court denied the plea to the jurisdiction. The relators then filed a petition for writ of mandamus in the court of appeals, which was denied. *In re Puig*, No. 04–10–00197–CV, 2010 WL 2184336, at *1 (Tex.App.-San Antonio June 2, 2010, orig. proceeding) (mem.op.). We granted the relators' motion to stay the underlying Webb County district court proceedings pending our consideration of the relators' mandamus petition.

When counties lack a statutory probate court, as Fort Bend County does, § 4 of the Texas Probate Code provides statutory county courts with the same general jurisdiction as probate courts.[1] Act of June 19, 1993, 73rd Leg., R.S., ch. 957, § 4, 1993 Tex. Gen. Laws 4081, 4161, *repealed by* Act of June 19, 2009, 81st Leg., R.S., ch. 1351, § 12(h), 2009 Tex. Gen. Laws 4273, 4279; *see* TEX. GOV'T CODE § 25.0811 (listing statutory county courts in Fort Bend County); *cf. Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 505 (Tex.2010) (citing *Palmer v. Coble Wall Trust Co.*, 851 S.W.2d 178, 180 n. 3 (Tex. 1992)). This jurisdiction includes the ability to "transact all business appertaining to estates subject to administration" as well as "the power to hear all matters incident to an estate." Act of May 14, 2001, 77th Leg., R.S., ch. 63, § 1, 2001 Tex. Gen. Laws 104, 105, *repealed by* Act of June 19, 2009, 81st Leg., R.S., ch. 1351, § 12(h), 2009 Tex. Gen. Laws 4273, 4279; Act of June 19, 1993, 73rd Leg., R. S., ch. 957, § 4, 1993 Tex. Gen. Laws 4081, 4161 (repealed 2009). Section 5A(a) of the Probate Code provides a non-exclusive list of matters qualifying as "appertaining to" and "incident to" an estate administered in a statutory county court, including: "all ac-

tions for trial of title to land … and for the enforcement of liens thereon … [,] all actions for trial of the right of property … [,] and generally all matters relating to the settlement, partition, and distribution of estates of deceased persons." Act of June 19, 1993, 73rd Leg., R.S., ch. 957, § 6, 1993 Tex. Gen. Laws 4081, 4161 (repealed 2009). When a matter raised in a separate lawsuit is not expressly mentioned in the Probate Code's definition of matters appertaining and incident to an estate, we have employed the "controlling issue" test to determine whether the matter meets that definition. *See In re SWEPI, L.P.*, 85 S.W.3d 800, 805–06 (Tex. 2002) (orig. proceeding). Under the controlling issue test, "a suit is appertaining to or incident to an estate when the controlling issue is the settlement, partition, or distribution of an estate." *Palmer*, 851 S.W.2d at 182 (internal quotations omitted); *see In re SWEPI*, 85 S.W.3d at 805–06.

The controlling issue presented in the real parties' Webb County suit undoubtedly involves the settlement, partition, and distribution of Alicia's estate. The petition seeks a declaratory judgment to void the Harbour Deed. The real parties also seek to quiet title in the ranch by asking the district court to remove the cloud on Puig Bros.' title created by recordation of the Harbour Deed, which they allege was invalid due to the master in chancery's lack of authority to execute the deed and the fact that Puig Bros. did not authorize the conveyance to Alicia. Lastly, the petition includes a trespass to try title claim, which requests that the court "enter judgment [in favor of the real par-

---

1. In 2009, the Texas Legislature repealed §§ 4, 5, and 5A(a) of the Probate Code. Act of June 19, 2009, 81st Leg., R.S., ch. 1351, § 12(h), 2009 Tex. Gen. Laws 4273, 4279. Because this case was filed before the effec-

tive date of the repeal, both parties agree that prior law applies here. *See also id.* at § 12(i) (stating that actions filed before the effective date of the Act are "governed by the law in effect on the date the action was filed").

ties] for title to and possession" of the ranch. Actions for trial of title to land are specifically listed in § 5A(a) as "appertaining to" and "incident to" estates. Act of June 19, 1993, 73rd Leg., R. S., ch. 957, § 6, 1993 Tex. Gen. Laws 4081, 4161 (repealed 2009). More importantly, at the heart of each of these causes of action lies one common issue: ownership of the ranch. *See* TEX. CIV. PRAC. & REM.CODE § 37.004(a) (providing declaratory judgment as a means by which parties interested under a deed may obtain a judicial determination of the instrument's validity); TEX. PROP.CODE § 22.001 (stating that "a trespass to try title action is the method of determining title to lands"); *Thomson v. Locke,* 66 Tex. 383, 1 S.W. 112, 115 (1886) (explaining that the goal of a suit to quiet title is to clear title to property from clouds or encumbrances). The outcome of the real parties' suit will determine the validity of Alicia's ownership interest in the ranch, and accordingly, whether that interest may be distributed to the beneficiary of Alicia's estate. Therefore, because the issues raised in the Webb County suit are appertaining and incident to Alicia's estate, the Fort Bend county court has power to hear those issues.

■ When the jurisdiction of a county court sitting in probate and a district court are concurrent, the issue is one of dominant jurisdiction. *Wyatt,* 760 S.W.2d at 248 (explaining that when a suit may be properly filed in more than one county, the court in which the suit is first filed attains dominant jurisdiction) (citing *Curtis v. Gibbs,* 511 S.W.2d 263, 267 (Tex.1974) (orig. proceeding)). Because the administration of Alicia's estate was initiated well before the real parties filed their Webb County lawsuit, the Fort Bend county court clearly attained dominant jurisdiction over Alicia's estate and all matters appertaining and incident thereto. *See*

*Bailey v. Cherokee Cnty. Appraisal Dist.,* 862 S.W.2d 581, 586 (Tex.1993) ("[T]he court in which suit is first filed acquires dominant jurisdiction to the exclusion of coordinate courts."). Several courts of appeals have expanded our holding in *Bailey* to mean that a county court sitting in probate attains exclusive jurisdiction over matters appertaining and incident to the estate once administration is opened there. *See, e.g., Hailey v. Siglar,* 194 S.W.3d 74, 79–80 (Tex.App.-Texarkana 2006, pet. denied); *Howe State Bank v. Crookham,* 873 S.W.2d 745, 749 (Tex.App.-Dallas 1994, no writ). However, we have never explicitly reached such a conclusion. Accordingly, as the law now stands, the only basis for having the real parties' lawsuit heard in the Fort Bend county court is that court's dominant jurisdiction.

■ When, as here, two courts have concurrent jurisdiction to determine inherently intertwined issues, filing a dilatory plea in abatement is the proper method for drawing a court's attention to another court's possible dominant jurisdiction. *See, e.g., Mower v. Boyer,* 811 S.W.2d 560, 563 n. 2 (Tex.1991) (discussing pleas in abatement filed to call a second court's attention to the dominant jurisdiction previously acquired by another court); *Wyatt,* 760 S.W.2d at 247–48 (explaining that it is proper to file a plea in abatement when two inherently interrelated cases are filed in different counties); *cf. Speer v. Stover,* 685 S.W.2d 22, 23 (Tex.1985) (per curiam) (holding that pleas to the jurisdiction are properly pled to alert a court to its lack of subject matter jurisdiction). The issues presented here are inherently intertwined because Alicia's estate will remain open until all claims against it are settled and all assets distributed. *See Pugh v. Turner,* 145 Tex. 292, 197 S.W.2d 822, 826 (1946). Alicia's ownership interest in the ranch may not be distributed until all of the

claims presented in the real parties' Webb County lawsuit are adjudicated and the validity of her interest is determined.

 Because the issue is one of dominant, rather than exclusive, jurisdiction the relators should have filed a plea in abatement. The district court's denial of the relators' plea to the jurisdiction, therefore, did not constitute an abuse of discretion depriving the relators of an adequate appellate remedy. *See Abor v. Black,* 695 S.W.2d 564, 567 (Tex.1985). We note that the improper denial of a plea in abatement may, on occasion, warrant mandamus relief. *See, e.g., Curtis,* 511 S.W.2d at 266–68. Pleas in abatement are incidental rulings, the denial of which ordinarily does not support mandamus relief. *See Abor,* 695 S.W.2d at 567.[2] But when a court issues an "order which actively interferes with the exercise of jurisdiction" by a court possessing dominant jurisdiction, mandamus relief is appropriate. *Id.; see Perry v. Del Rio,* 66 S.W.3d 239, 258 (Tex.2001) (granting mandamus relief to direct a district court to move a trial setting so that another court that already exercised jurisdiction over different cases involving nearly identical issues, parties, and witnesses could first consider those cases); *Curtis,* 511 S.W.2d at 266–68 (granting mandamus relief directing a judge to sustain a plea in abatement in a child custody suit where one court attempted to exercise jurisdiction with respect to the children, despite the fact that dominant jurisdiction had previously been established in another court). Because the Webb County district court did not commit a clear abuse of discretion in denying the relators' plea to the jurisdiction, any further inquiry into the relators' appellate remedy is unneces-

sary. Accordingly, the relators' petition for writ of mandamus is denied.

---

**2.** Although we recognize that our holding in *Abor* has been interpreted by other courts as creating a paradoxical problem, this issue was not raised or briefed by the parties here.

*See, e.g., Coastal Oil & Gas Corp. v. Flores,* 908 S.W.2d 517, 518–19 & n. 1 (Tex.App.-San Antonio 1995, orig. proceeding). Therefore, we do not address it today.