**Petition for Writ of Mandamus Denied and Opinion filed November 8, 2018.**



In The

# Fourteenth Court of Appeals

NO. 14-18-00825-CV

**IN RE SOMAIAH KHOLAIF, Relator**

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**Probate Court No. 3**
**Harris County, Texas**
**Trial Court Cause No. 449,677**

## MEMORANDUM OPINION

On September 20, 2018, relator Somaiah Kholaif filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. In the petition, relator contends the Honorable Rory R. Olsen,

presiding judge of the Probate Court No. 3 of Harris County, abused his discretion in granting a motion to sever.

Relator filed a bill of review challenging the trial court's granting of a summary judgment upholding a premarital agreement divesting relator of homestead and inheritance rights. Relator is the widow of the decedent in the estate subject to the underlying probate administration. Real party in interest, Ziyad Safi, is the executor of the estate. Along with her bill of review, relator requested a declaratory judgment regarding the premarital agreement, and asserted claims for damages against the estate and against Mazen Atieh, the notary public who witnessed signatures on the premarital agreement. On motion of the executor, the trial court severed the claims for damages against the estate and against Atieh from the probate action and relator's other claims.

With certain exceptions not in play in this proceeding, to obtain mandamus relief relator must show both that the trial court clearly abused its discretion and that relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

A trial court has broad discretion in the matter of severance and consolidating of causes. *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990). The controlling reasons for allowing a severance are avoiding prejudice, doing justice, and increasing convenience. *Id.* A claim is properly severable if (1) the controversy involves more than one claim, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that they involved the same facts and issues. *In re State*, 355 S.W.3d 611, 614 (Tex. 2011) (orig. proceeding).

2

The severed claims consist of (1) a claim against the estate based on alleged false representations by Atieh and on an alleged conspiracy between the decedent and Atieh to fraudulently deprive relator of her inheritance and homestead rights[1] and (2) a claim against Atieh for alleged neglect of his duties as a notary public. Relator's remaining claims are her bill of review and request for declaratory judgment, which are reiterative of the issues disposed in the summary judgment. Additionally, the probate of the estate is ongoing.

## 1. More Than One Claim

Relator filed an amended petition in the probate action, after the summary judgment was signed, wherein she asserted four claims. Two of her claims were severed. Because there is more than one claim involved in this controversy, the first inquiry is met. *See Guar. Fed. Sav. Bank*, 793 S.W.2d at 658 (finding multiple claims arising out of one controversy meets the first prong of the properly severable inquiry).

## 2. Proper Subject of Independent Lawsuit

Relator's claim against Atieh is independently actionable under section 121.014 of the Texas Civil Practice & Remedies Code. Tex. Civ. Prac. & Rem. Code § 121.014. This section of the code gives persons injured by neglect or failure of a notary public a claim against that official. *Id*. (providing "A person injured by the failure, refusal, or

---

[1] Though some courts have indicated that conspiracy is an independent claim, other courts have indicated that conspiracy is a vicarious-liability theory. *Compare Massey v. Armco Steel Co*., 652 S.W.2d 932, 934 (Tex. 1983), *with Carroll v. Timmers Chevrolet, Inc.*, 592 S.W.2d 922, 925–26 (Tex. 1979). We need not resolve this issue to dispose of this original proceeding.

neglect of an officer to comply with a provision of this chapter has a cause of action against the officer to recover damages resulting from the failure, refusal, or neglect of the officer.").

With regard to relator's claim against the decedent's estate, although it is an action to recover from the estate, it may be brought in an independent action for conspiracy outside of the probate administration because it is not incident to the estate. *See* Tex. Est. Code Ann. § 31.002 (providing a non-exclusive list of matters qualifying as "appertaining to" and "incident to" an estate over which a probate court has jurisdiction).When a matter raised in a separate lawsuit is not expressly mentioned in the Estates Code's definition of matters appertaining to and incident to an estate, courts have employed the "controlling issue" test to determine whether the matter meets that definition. *In re Puig*, 351 S.W.3d 301, 304 (Tex. 2011). Under the controlling-issue test, a suit is appertaining to or incident to an estate when the controlling issue is the settlement, partition, or distribution to an estate. *Id.* Relator contends the decedent and Atieh engaged in a conspiracy regarding the premarital agreement. The controlling issues do not concern the settlement, partition, or distribution to an estate, but instead alleged fraud and conspiracy in relation to the premarital agreement. *See In re SWEPI, L.P.*, 85 S.W.3d 800, 805 (Tex. 2002) (finding the controlling issue in a declaratory judgment action regarding royalty payments is not the settlement, partition, or distribution of the estate).

### 3. Involve Same Facts and Issues

None of the severed claims is so interwoven with the probate action that they involve the same facts and issues. The claims center on the premarital agreement. The

probate action involves the administration of the decedent's will and codicil. Atieh was not the notary public for either the will or the codicil. Atieh would not be subject to the probate action, but for relator's claims against him. The facts and issues involved with these claims are unrelated to the probate action. Relator's bill of review and declaratory judgment action are centered on the execution of the premarital agreement; however, the claims merely repeat the claims made in the summary judgment, which the court already granted in favor of real party in interest Safi. *See Barton v. Fashion Glass and Mirror, Ltd.*, 321 S.W.3d 641, 647 (Tex. App.—Houston [14th Dist.] 2010 no pet.) (finding claims are not too interwoven where one is based on interpretation of contract and other is for fraud).

For the above reasons, we find the trial court did not abuse its discretion in granting the motion to sever. Having found no abuse of discretion, we need not address whether relator would have an adequate remedy at law.

Relator has not shown that she is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.


PER CURIAM

Panel consists of Chief Justice Frost and Justices Jamison and Brown.