

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-19-00166-CV

## IN RE TEXAS-NEW MEXICO POWER COMPANY

_____

## Original Proceeding

_____

## MEMORANDUM OPINION

_____

Texas-New Mexico Power Company ("TNMP") seeks a writ of mandamus to compel the trial court to withdraw its order denying its motion to dismiss for want of jurisdiction and to enter an order granting its motion. The Real Parties in Interest, Plaintiffs in the trial court below, filed suit against TNMP due to a power surge that caused damage to their property, which they alleged was caused by TNMP's negligence and violations of the rules and standards of the Texas Public Utilities Commission ("PUC") and the Texas Utilities Code. TNMP filed a motion to dismiss, alleging that the PUC had exclusive original jurisdiction over the claims. Because of this, TNMP argues that the Real Parties in Interest were required to exhaust their administrative remedies as

mandated by the Texas Utilities Code before filing in the trial court. Because they did not do so, TNMP alleges that the trial court does not have jurisdiction over the claims. The trial court denied the motion.

A state agency has exclusive jurisdiction when the legislature has established a pervasive regulatory scheme that evidences an intent "for the regulatory process to be the exclusive means of remedying the problem to which the regulation is addressed." *In re Southwestern Bell Tel. Co.*, 235 S.W.3d 619, 624-25 (Tex. 2007). "If an agency has exclusive jurisdiction to resolve a dispute, a party must first exhaust administrative remedies before a trial court has subject matter jurisdiction." *Id.* at 625. The Texas Supreme Court has explained that the Texas Public Utility Regulatory Act ("PURA"), described in the act itself as "comprehensive," was intended by the legislature to "comprehend all or virtually all pertinent considerations involving electric utilities operating in Texas." *In re Entergy Corp.*, 142 S.W.3d 316, 323 (Tex. 2004). Thus, PURA is "a pervasive regulatory scheme" granting the PUC exclusive jurisdiction over disputes related to utility rates, operations, and services. *Oncor Elec. Delivery Co. v. Chaparral Energy, LLC*, 546 S.W.3d 133, 140-41 (Tex. 2018).

The Real Parties in Interest contend that because their claims are based on tort rather than breach of contract, the requirement to exhaust administrative remedies does not apply. However, PURA grants the PUC "exclusive original jurisdiction over the rates, operations, and services of an electric utility." TEX. UTIL. CODE ANN. § 32.001(a).

"Services" is intended to be defined as broadly as possible. *Oncor*, 546 S.W.3d at 139. "The term includes any act performed, anything supplied, and any facilities used or supplied by a public utility in the performance of the utility's duties . . . ." *Id*. The underlying basis of the claims relate to an extreme power surge that caused a "fireball" to damage their home, and that it was caused by TNMP's negligence and violations of the PURA.

We find that the claims involve TNMP's "services," and we further conclude that the scope of the PUC's exclusive jurisdiction encompasses those claims and therefore, the PUC has exclusive jurisdiction. Accordingly, the Real Parties in Interest were required to exhaust their administrative remedies before the PUC before seeking relief in the trial court.

As a general rule, mandamus relief will not issue to correct an incidental trial court ruling, such as a plea to the jurisdiction, when there is a remedy by appeal. *See In re Puig*, 351 S.W.3d 301, 306 (Tex. 2011) (orig. proceeding); *In re Entergy Corp.*, 142 S.W.3d 316, 320 (Tex. 2004) (orig. proceeding). However, there is an exception to this general prohibition against mandamus review of a trial court's order denying a plea to the jurisdiction where a party has failed to exhaust administrative remedies before the PUC, because "permitting a trial to go forward would interfere with the important legislatively mandated function and purpose of the PUC." *In re Entergy*, 142 S.W.3d at 321. We find that mandamus is an appropriate vehicle for TNMP to present this complaint.

Therefore, we conditionally grant mandamus relief to Texas-New Mexico Power Company and direct the 220th District Court to withdraw its order denying its plea to the jurisdiction and to enter an order that dismisses all claims against TNMP for lack of subject-matter jurisdiction within 21 days of this opinion. Our writ will issue only if the court fails to act in accordance with this opinion.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
Petition conditionally granted
Opinion delivered and filed August 14, 2019
[OT06]

