

# NUMBER 13-24-00462-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE KAITLAN ROSS

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Longoria, Tijerina, and Peña**
**Memorandum Opinion by Justice Longoria[1]**

Relator Kaitlan Ross filed a petition for writ of mandamus seeking to compel the Matagorda County district court to vacate a temporary restraining order that Ross asserts improperly interferes with the jurisdiction of a civil lawsuit that she has filed in Lampasas County. Ross seeks emergency relief allowing the litigation in Lampasas County to proceed pending the resolution of her petition for writ of mandamus.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840. Mandamus relief may be appropriate when one court actively interferes with another court's jurisdiction. *See, e.g.*, *In re Puig*, 351 S.W.3d 301, 306 (Tex. 2011) (orig. proceeding) (per curiam); *In re SWEPI, L.P.*, 85 S.W.3d 800, 808 (Tex. 2002) (orig. proceeding); *In re Amoco Fed. Credit Union*, 506 S.W.3d 178, 183 (Tex. App.—Tyler 2016, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that the relator has not met her burden to obtain relief. Accordingly, we deny the petition for writ of mandamus and the request for emergency relief.

NORA L. LONGORIA
Justice

Delivered and filed on the
24th day of September, 2024.