

# NUMBER 13-23-00549-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

SARAH ANN SHAW, INDIVIDUALLY,                                    Appellant,

v.

SHONNA JANEL SIMPSON,
EXECUTOR OF THE ESTATE OF
RICHARD B. SHAW, DECEASED,
ON BEHALF OF THE ESTATE OF
RICHARD B. SHAW, INDIVIDUALLY,
AS PARTNER OF KINGSVILLE
CAPITAL GROUP, LLC,
STOCKHOLDER OF TEXAS
CEMENTING SERVICES, INC.,
AND PRICE DRILLING RIG
NO. FIVE COMPANY,                                                Appellees.

## ON APPEAL FROM THE 105TH DISTRICT COURT
## OF KLEBERG COUNTY, TEXAS

# MEMORANDUM OPINION

## Before Justices Silva, Peña, and West
## Memorandum Opinion by Justice West

This case involves the district court's jurisdiction to hear claims related to assets in a separate probate proceeding in the county court. Appellees and cross-appellants Shonan Janel Simpson, Executor of the Estate of Richard B. Shaw, deceased, on behalf of the Estate of Richard B. Shaw, individually, as partner of Kingsville Capital Group, LLC, stockholder of Texas Cementing Services, Inc., and Price Drilling Rig No. Five ("Simpson" and "Price Drilling") (collectively "appellees") sued appellant and cross-appellee Sarah Ann Shaw, individually, (Sarah) in the district court for a variety of contract-related claims related to her and her late husband's company assets. By her sole issue on appeal, Sarah argues that the trial court erred when it granted appellees' plea to the jurisdiction for lack of subject-matter jurisdiction. Because the trial court had concurrent jurisdiction with the county court over appellees' claims and Sarah's counterclaims, we agree. We affirm in part and reverse and remand in part.

## I.     BACKGROUND

Shad Shaw, Sarah's husband, died intestate in 2018. Sarah inherited, among other assets, Shad's interest in their shared business operations, including his one-third interest in Price Drilling, Kingsville Capital Group, LLC (KCG), and Texas Cementing Services, Inc. (TCS). In August 2018, Sarah instituted probate proceedings for Shad's estate in the County Court of Kleberg County (the county court).

2

On October 23, 2019, Richard Shaw, Shad's father, initiated the instant suit against Sarah in her individual and other capacities[1] in the 105th District Court of Kleberg County (the district court). Richard (and in his capacity as president of Price Drilling) asserted various causes of action, including breach of fiduciary duty, conversion, and fraud, alleging that Shad and Sarah stole millions of dollars from their shared companies by diverting funds for personal expenses over the course of many years. Richard sought, among other assets, his 50% interest in KCG and TCS, and Shad's stock in Price Drilling. Shortly thereafter, Richard filed another suit against Sarah in the county court. Richard sought possession of the same assets as alleged in this suit.[2]

Richard passed away on August 24, 2021, and Simpson, his daughter, entered as the representative of Richard's estate. Before and after Richard's death, Sarah filed various amended counterclaims against Richard (or Simpson as executor) and Price Drilling, including breach of contract, breach of fiduciary duty, and fraud. Both parties continued to file many amended pleadings in the district court from about 2020 to 2023.

On July 12, 2023, appellees filed a plea to the jurisdiction arguing that the district court lacked subject-matter jurisdiction to "divide the assets and business ownership sought by" the parties. The motion explained that Richard originally filed suit in both the district and county court "because it appeared that some of the assets being sought were not currently being probated." However, through discovery, "all of the cash and assets

---

[1] Richard sued Sarah in her individual capacity, her capacity as the executrix of the Shad's estate, as vice president of KCG and TCS, and as an officer or stockholder on behalf of TCS. Sarah appeals only in her individual capacity.

[2] Richard's petition in the county court does not appear in the record, and it is unclear what the causes of action were. However, the parties do not dispute that Richard's county court lawsuit involves the same assets at issue in this case.

being pursued by" appellees were currently being probated in the county court. Appellees contended that since both lawsuits involve the same assets, and the district court case was now brought in part by Richard's estate against Shad's estate, all of the claims, including Sarah's counterclaims, were "probate proceedings," and the county court had "original jurisdiction" over them. Appellees further argued that probate proceedings must be filed in the county court, and thus, the district court lacked subject-matter jurisdiction over the parties' claims.

At the hearing on the plea, appellees' counsel generally restated the arguments in their motion and emphasized that the county court was "the only court with subject[-]matter jurisdiction" over the parties' claims. Sarah's counsel conceded that there may be some matters that "should be filed or should have been filed in the probate court initially." Her counsel contended, however, that appellees' claims against Sarah in her individual capacity were not probate matters, nor were Sarah's counterclaims.

The district court granted appellees' plea to the jurisdiction and dismissed all of the claims before it "due to the Court's lack of jurisdiction." Sarah filed a motion for new trial. Appellees filed a response and reasserted their previous arguments but additionally argued that dismissal was appropriate due to the county court's "dominant jurisdiction." Sarah's motion for new trial was overruled by operation of law. This appeal followed.

## II.    STANDARD OF REVIEW & APPLICABLE LAW

A trial court's subject-matter jurisdiction is a question of law we review de novo. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 502 (Tex. 2010). Subject-matter jurisdiction cannot be waived and may be raised at any time. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993).

4

"All probate proceedings must be filed and heard in a court exercising original probate jurisdiction." TEX. EST. CODE ANN. § 32.001(a). The court exercising original probate jurisdiction also has jurisdiction of "all matters related to the probate proceeding." *Id.* §§ 32.001(a), .002. Generally, county courts have "original probate jurisdiction." *See id.* § 32.002; TEX. GOV'T CODE ANN. § 25.0003(d)–(e) (providing that, absent a statutory probate court, a county court at law has "probate jurisdiction provided by general law for county courts"). However, in a county with a statutory probate court, the statutory probate court has *exclusive* jurisdiction of "all probate proceedings" and all causes "related to the probate proceeding[s]," absent some exceptions not relevant here. TEX. EST. CODE ANN. § 32.005(a); TEX. GOV'T CODE ANN. § 25.0003(d)–(e); *see In re Puig*, 351 S.W.3d 301, 304 (Tex. 2011) ("When counties lack a statutory probate court . . . the Texas Probate Code provides statutory county courts with the same general jurisdiction as probate courts."). Exclusive jurisdiction is "a court's power to adjudicate an action or class of actions to the exclusion of all other courts." *Dailing v. State*, 546 S.W.3d 438, 450 (Tex. App.—Houston [14th Dist.] 2018, no pet.). In other words, when a county has a statutory probate court, only the statutory probate court may hear probate proceedings and related probate matters.

A district court's jurisdiction is bestowed by the Texas Constitution and by statute. *See* TEX. CONST. art. V, § 8; TEX. GOV'T CODE ANN. §§ 24.007, .008; *In re CenterPoint Energy Hous. Electric, LLC*, 629 S.W.3d 149, 154 (Tex. 2021) (orig. proceeding). "As courts of general jurisdiction, district courts are presumed to have subject-matter jurisdiction over a dispute absent a showing to the contrary." *In re CenterPoint*, 629

5

S.W.3d at 154. We thus turn to whether the district court was deprived of subject-matter jurisdiction to hear the causes of action in this case.

### III.    ANALYSIS

Sarah argues that the district court essentially confused "original" and "exclusive" jurisdiction. She contends that because the county court had original jurisdiction, and not exclusive jurisdiction, the county court did not deprive the district court of jurisdiction to hear the parties' claims. For the reasons below, we agree.

Kleberg County has one statutory county court and no statutory probate court. *See* TEX. GOV'T CODE ANN. §§ 25.1391–.1392. Accordingly, the county court has original—not exclusive—jurisdiction over the parties' claims. *See id.* § 25.0003(d)–(e); TEX. EST. CODE ANN. §§ 32.002, .004, .005(a). And because the parties' causes of action are civil matters "in which the amount in controversy is more than $500," the district court presumably has subject-matter jurisdiction over the claims in this case. *See* TEX. GOV'T CODE ANN. § 24.007; *In re CenterPoint*, 629 S.W.3d at 154. No constitutional provision or statute indicates that the original probate jurisdiction exercised by a county court is exclusive as to all other courts. *See In re Puig*, 351 S.W.3d at 305 (rejecting the proposition that "a county court sitting in probate attains exclusive jurisdiction over matters appertaining and incident to the estate once administration is opened there"); *In re Est. of Rushing*, 644 S.W.3d 383, 387 (Tex. App.—Tyler 2022, pet. denied) ("The Upshur County Court has the general jurisdiction of a probate court and has concurrent jurisdiction with the district court in all other matters over which county courts are given jurisdiction by the constitution and general laws of this state."); *Green v. Watson*, 860 S.W.2d 238, 243 (Tex. App.—Austin 1993, no writ) (providing that district courts have concurrent probate jurisdiction

6

with the county courts at law); *see also Whitener v. Origin Bank*, No. 14-22-00235-CV, 2023 WL 1169025, at *4–5 (Tex. App.—Houston [14th Dist.] Jan. 31, 2023, no pet.) (mem. op.) (rejecting appellant's argument "that the original probate jurisdiction exercised by a county court is *exclusive* as to all other courts," and holding that the district court had concurrent jurisdiction over the probate claims in the county court).

Appellees argue that the district court properly dismissed the case because the county court has dominant jurisdiction over the district court. "Dominant jurisdiction applies when venue is proper in two or more Texas counties or courts." *Gordon v. Jones*, 196 S.W.3d 376, 382 (Tex. App.—Houston [1st Dist.] 2006, no pet.). "Generally, when cases involving the same subject-matter are brought in courts of concurrent jurisdiction, the court with the first-filed case has dominant jurisdiction and should proceed, and the other cases should abate." *In re Amoco Fed. Credit Union*, 506 S.W.3d 178, 184 (Tex. App.—Tyler 2016, no pet.); *see also Perry v. Del Rio*, 66 S.W.3d 239, 252 (Tex. 2001). Appellees argue that because the probate proceedings in the county court were initiated before the suit in this case, and both suits relate to the probate proceedings, the county court has dominant jurisdiction over the district court.

We note that the parties dispute whether the claims in this case are probate proceedings, matters related to probate proceedings, or non-probate matters entirely, which would affect whether venue is proper in both courts. For example, county courts cannot hear non-probate matters which have an amount in controversy over $250,000. *See In re Est. of Rushing*, 644 S.W.3d at 387–88. Moreover, the parties' petitions in the county court do not appear in the record, so it is unclear whether appellees' claims in the county court are truly duplicative of their claims in this case. For the sake of the appellees'

7

argument, we will assume without deciding that the issues in this case would fall within the county court's venue and jurisdiction.

We agree that, generally, if the county court and district court have concurrent jurisdiction, the issue is one of dominant jurisdiction. *See In re Puig*, 351 S.W.3d at 305 ("When the jurisdiction of a county court sitting in probate and a district court are concurrent, the issue is one of dominant jurisdiction."). However, despite its name, dominant jurisdiction is a creature of venue, not subject-matter jurisdiction. *See Hiles v. Arnie & Co., P.C.*, 402 S.W.3d 820, 825 (Tex. App.—Houston [14th Dist.] 2013, pet. denied); *Gordon*, 196 S.W.3d at 382–83; *see also Jallan v. PNA Invs., LLC*, No. 01-21-00150-CV, 2022 WL 598672, at *3 (Tex. App.—Houston [1st Dist.] Mar. 1, 2022, no pet.) (mem. op.) ("[T]he doctrine of dominant jurisdiction pertains to venue and not to subject-matter jurisdiction." (citing *Gordon*, 196 S.W.3d at 382)). And unlike subject-matter jurisdiction, venue may be waived. *Hiles*, 402 S.W.3d at 826; *Gordon*, 196 S.W.3d at 383; *see also Jallan*, 2022 WL 598672, at *3.[3]

Further, the proper method to draw a court's attention to another court's possible dominant jurisdiction is to file a plea in abatement. *In re Puig*, 351 S.W.3d at 305; *Hiles*, 402 S.W.3d at 826; *see also Haley v. Beneficial Fin. I Inc.*, No. 13-18-00058-CV, 2019 WL 2709015, at *2 (Tex. App.—Corpus Christi–Edinburg June 28, 2019, no pet.) (mem. op.). At no point in this case did appellees file a plea in abatement or any other kind of motion to challenge venue. And, here, the district court dismissed the parties' claims for "lack of jurisdiction." Thus, even if the county court has dominant jurisdiction over the

---

[3] This opinion makes no comment on whether appellees waived any challenges to venue.

8

district court, the issue of dominant jurisdiction is not properly before us.[4] *See In re Puig*, 351 S.W.3d at 305–06; *Gordon*, 196 S.W.3d at 382–83; *Haley*, 2019 WL 2709015, at *2–3 (overruling appellants' challenge to the district court's subject-matter jurisdiction, because even if the county court had dominant jurisdiction over district court, appellants never filed a plea in abatement in favor of the county court's dominant jurisdiction).

We hold that the district court erred when it granted appellees' plea to the jurisdiction for lack of subject-matter jurisdiction because nothing divested the district court of jurisdiction to hear the parties' claims. *See In re Puig*, 351 S.W.3d at 305–06; *Gordon*, 196 S.W.3d at 382–83 ("To any extent, therefore, that the trial court may have equated 'dominant jurisdiction' in the county court with a lack of 'subject-matter jurisdiction' in the trial court, the trial court erred."); *Jallan*, 2022 WL 598672, at *4 (holding that the "existence of the first-filed suit in Galveston County did not deprive the Harris County court, in which the subsequent instant suit was filed, of subject-matter jurisdiction," and therefore the Harris County court erred in dismissing the suit for lack of jurisdiction); *Haley*, 2019 WL 2709015, at *2–3; *Whitener*, 2023 WL 1169025, at *4 (overruling appellant's challenge to the district court's subject-matter jurisdiction because the district court and county court had concurrent jurisdiction over her probate claims). We sustain appellant's sole issue.

---

[4] Moreover, once a plea in abatement is granted, the court disposes of the motion by abating the cause to permit the court of dominant jurisdiction to proceed, not by dismissing the case. *See In re Amoco Fed. Credit Union*, 506 S.W.3d 178, 184 (Tex. App.—Tyler 2016, no pet.); *Gordon v. Jones*, 196 S.W.3d 376, 382 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *see also Haley v. Beneficial Fin. I Inc.*, No. 13-18-00058-CV, 2019 WL 2709015, at *2 (Tex. App.—Corpus Christi–Edinburg June 28, 2019, no pet.) (mem. op.) ("However, the court without dominant jurisdiction is not deprived of subject-matter jurisdiction; the only remedy is a plea in abatement.").

## IV. CONCLUSION

Sarah only appealed the district court's order in her individual capacity. Accordingly, we reverse and remand the order as it pertains to appellees' claims against Sarah in her individual capacity and her counterclaims in her individual capacity against appellees. We affirm the trial court's order in all other respects.

JON WEST
Justice

Delivered and filed on the
6th day of November, 2025.