

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-26-00061-CV

———————————————

IN RE CATHERINE GOODMAN, IN HER CAPACITY AS TEMPORARY
DEPENDENT ADMINISTRATOR OF THE ESTATE OF LONNIE K.
LEDBETTER, JR., DECEASED, Relator

---

Original Proceeding
355th District Court of Hood County, Texas
Trial Court No. C2025464

---

Before Sudderth, C.J.; Birdwell and Bassel, JJ.
Memorandum Opinion by Justice Bassel

**MEMORANDUM OPINION**

This mandamus proceeding arises from the denial of a Rule 91a motion to dismiss filed by Relator Catherine Goodman, in her capacity as Temporary Dependent Administrator of the Estate of Lonnie K. Ledbetter, Jr., Deceased. After Goodman rejected the probate-estate claim filed by Real Party in Interest Chris Thomas Custom Homes, Inc. (CTCH) for unpaid amounts owed in connection with a home-construction project, CTCH sued the estate in district court. Goodman—arguing that CTCH had filed its lawsuit in the wrong court and that its causes of action against the estate were therefore barred under Estates Code Section 355.064—filed a Rule 91a motion to dismiss. *See* Tex. Est. Code Ann. § 355.064(a); *see also* Tex. R. Civ. P. 91a.1. After the district court denied the motion, Goodman filed the instant mandamus petition. Because we agree that CTCH's causes of action against the estate are barred, we conditionally grant mandamus relief.

## I. BACKGROUND

In 2022, CTCH and Lonnie Ledbetter entered into a written contract for the design and construction of a home in Granbury, Texas. CTCH alleges that it presented Lonnie[1] with a draw request and demand for payment in February 2025 and that Lonnie failed to pay the amounts due and owing before he died in April 2025.

---

[1] To avoid confusion, we refer to the decedent, Lonnie Ledbetter, and his surviving spouse, Tawni Ledbetter—who is also a named defendant in CTCH's district court lawsuit—by their first names. *See, e.g., Est. of Meyers*, No. 02-25-00189-

After Lonnie's death, a contested probate proceeding began in the County Court of Hood County.[2] In June 2025, the county court appointed Goodman as the temporary dependent administrator of Lonnie's estate.

On August 5, 2025, CTCH filed an "[a]uthenticated [m]atured [s]ecured [c]laim" in the probate case. In its claim, CTCH alleged that it was owed $101,083.75 for services and goods furnished pursuant to its contract with Lonnie and that its claim was secured by a mechanic's lien.

On August 7, 2025, Goodman rejected CTCH's claim. Having been rejected, the claim would be barred unless CTCH "commence[d] suit . . . in the court of original probate jurisdiction in which the estate is pending" no later than ninety days after the rejection date (i.e., by November 5, 2025). *See* Tex. Est. Code Ann. § 355.064(a).

In September 2025, CTCH filed suit against Lonnie's estate. But—significantly—the lawsuit was filed in the 355th District Court, not the county court in which the probate case was pending. In its petition—which recited that Goodman's rejection of its claim "ha[d] compelled [it] to seek satisfaction of its contractual and statutory rights"—CTCH asserted causes of action for breach of contract, quantum

---

CV, 2025 WL 3723746, at *1 n.1 (Tex. App.—Fort Worth Dec. 23, 2025, no pet. h.) (mem. op.).

[2]We have detailed the background facts and the procedural history pertaining to the contested probate proceeding in a prior opinion. *See In re Est. of Ledbetter*, No. 02-25-00263-CV, 2025 WL 3559022, at *1–6 (Tex. App.—Fort Worth Dec. 11, 2025, no pet. h.) (mem. op.).

3

meruit, and violation of the Prompt Payment Act and also sought the judicial foreclosure of its mechanic's lien.[3]

After the ninety-day deadline set forth in Estates Code Section 355.064(a) had passed, Goodman filed a Rule 91a motion to dismiss all of CTCH's causes of action against Lonnie's estate on the grounds that they were statutorily barred. *See id.* CTCH filed a response, and a hearing was held. After considering the parties' arguments, the district court denied the motion. Goodman then filed this petition for a writ of mandamus.

## II. DISCUSSION

In a single issue, Goodman contends that the trial court abused its discretion by denying her Rule 91a motion to dismiss because CTCH's causes of action against Lonnie's estate are statutorily barred. We agree.

### A. We Set Forth the Standard of Review and Applicable Rules of Construction

Rule 91a authorizes trial courts to dismiss a case that "has no basis in law or fact." Tex. R. Civ. P. 91a.1. A trial court must decide a Rule 91a motion based solely on the pleading of the cause of action, together with the attached pleading exhibits. *See* Tex. R. Civ. P. 91a.6; *see also* Tex. R. Civ. P. 59. "We review the merits of a Rule 91a ruling de novo; whether a defendant is entitled to dismissal under the facts alleged

---

[3]CTCH later amended its petition to include Lonnie's surviving spouse, Tawni, as a defendant. Goodman's mandamus petition is concerned solely with CTCH's causes of action against Lonnie's probate estate; thus, its claims against Tawni are not at issue in this proceeding.

4

is a legal question." *In re Farmers Tex. Cnty. Mut. Ins. Co.*, 621 S.W.3d 261, 266 (Tex. 2021) (orig. proceeding). "Mandamus relief is appropriate when the trial court abuses its discretion in denying a Rule 91a motion to dismiss." *Id.* (citing *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014)).

We also review issues of statutory construction de novo. *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015) (citing *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011)). "Our objective in construing a statute is to give effect to the Legislature's intent, which requires us to first look to the statute's plain language." *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 899 (Tex. 2017) (quoting *Lippincott*, 462 S.W.3d at 509). If the statute's language is unambiguous, we interpret it according to its plain meaning. *Id.* "[W]e presume the Legislature included each word in the statute for a purpose and that words not included were purposefully omitted." *Id.*

## B. CTCH's Causes of Action Are Statutorily Barred

The application of the above-referenced statutory-construction rules to Estates Code Section 355.064(a) leads to the inexorable conclusion that CTCH's causes of action against Lonnie's estate are barred.

Section 355.064(a) provides that "[a] claim . . . that has been rejected by [a probate estate's] personal representative is barred unless not later than the 90th day after the date of rejection the claimant commences suit on the claim *in the court of original probate jurisdiction in which the estate is pending*." Tex. Est. Code Ann. § 355.064(a) (emphasis added). Thus, after Goodman rejected its claim, CTCH had ninety days to

file suit in the County Court of Hood County—"the court of original probate jurisdiction in which [Lonnie's] estate is pending"—to prevent its claim from being barred. *See id.* But CTCH did not file suit in the county court by the ninety-day deadline. Instead, it filed suit in the 355th District Court. Thus, under the plain language of Section 355.064(a), CTCH's claim against Lonnie's estate is statutorily barred, and its district-court suit on the claim should have been dismissed. *See id.*; *see also Long v. Long*, 681 S.W.3d 805, 818 (Tex. App.—Dallas 2023, no pet.) (recognizing that dismissal under Rule 91a is appropriate if the plaintiff's pleading establishes "a complete legal bar to the plaintiff's claims").[4] To avoid this seemingly inescapable conclusion, CTCH relies on two primary arguments.

First, CTCH argues that Section 355.064(a) is inapplicable because its causes of action in the district-court lawsuit are different from the claim that it filed—and that Goodman rejected—in the probate case. Specifically, CTCH asserts that because the claim that it filed in the probate court did not request the foreclosure of its lien or the

---

[4]Although CTCH does not make this argument in its briefing before this court, it argued in the district court that Rule 91a was an improper vehicle for addressing whether its causes of action were statutorily barred because such a determination would require the district court to "examin[e] . . . events and filings outside the body of the district-court petition." But Rule 91a allows a trial court to consider exhibits attached to the plaintiff's live pleading. Tex. R. Civ. P. 91a.6.; *Davis v. Homeowners of Am. Ins. Co.*, 700 S.W.3d 837, 845–46 (Tex. App.—Dallas 2023, no pet.); *see generally Gardens of Connemara Ltd. v. Longhorn Creek Ltd.*, 69 Tex. Sup. Ct. J. 224, 2026 WL 179396 (Jan. 23, 2026) (Young, J., concurring). And as Goodman points out, the exhibits attached to CTCH's petition—including copies of the claim that it filed in the probate case and Goodman's memorandum rejecting that claim—contained all of the information needed to show that CTCH's causes of action were statutorily barred.

recovery of damages for quantum meruit or for violation of the Prompt Payment Act, Section 355.064(a) does not apply to those theories of recovery. But this argument defies common sense and the Texas-law maxim that courts should take a substance-over-form approach to evaluating the nature of a party's claims. *See, e.g., Brumley v. McDuff*, 616 S.W.3d 826, 833 (Tex. 2021) (stressing that courts should acknowledge the substance of the relief sought despite the formal styling of a party's pleading); *Karagounis v. Bexar Cnty. Hosp. Dist.*, 70 S.W.3d 145, 147 (Tex. App.—San Antonio 2001, pet. denied) ("The true nature of a lawsuit depends on the facts alleged in the petition, the rights asserted and the relief sought, and not on the terms used to describe the cause of action." (quoting *Billings v. Concordia Heritage Ass'n, Inc.*, 960 S.W.2d 688, 693 (Tex. App.—El Paso 1997, pet. denied))).

Applying this substance-over-form principle, Texas courts look to a claim's factual predicate, not to the legal theory espoused by the plaintiff, to determine whether it is sufficiently similar to another claim so as to be barred. *See Barr v. Resol. Tr. Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 630 (Tex. 1992); *see also Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 799 n.5 (Tex. 1992) (citing with approval a Fifth Circuit decision holding that a liability theory different from the one a plaintiff had brought in an earlier proceeding was still precluded by res judicata because the deprivation of "the right [the plaintiff sought] to redress [was] the same" across both proceedings and because the claims were "based on substantially the same facts" (quoting *Ocean Drilling & Expl. Co. v. Mont Boat Rental Servs., Inc.*, 799 F.2d 213, 217

7

(5th Cir. 1986))). For example, the Texas Supreme Court has made clear that for purposes of determining whether a claim is barred by res judicata, "a judgment in an earlier suit 'precludes a second action by the parties and their privies not only on matters actually litigated, but also on causes of action or defenses which arise out of the same subject matter and which might have been litigated in the first suit.'" *Getty Oil Co.*, 845 S.W.2d at 798 (quoting *Barr*, 837 S.W.2d at 630). In evaluating the scope of the "subject matter" of the prior suit, a court must focus on "the factual matters that make up the gist of the complaint, without regard to the form of action." *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007) (quoting *Barr*, 837 S.W.2d at 630); *see also Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 653 (Tex. 1996) ("If the second plaintiff[] seek[s] to relitigate the matter which was the subject of the earlier litigation, res judicata bars the suit even if the second plaintiff[] do[es] not allege causes of action identical to those asserted by the first.").

The supreme court has applied this same principle in the healthcare-liability context. In *Yamada v. Friend*, the court held that plaintiffs' failure to serve an expert report by the Texas Medical Liability Act's (TMLA) 120-day deadline required the dismissal not only of their healthcare-liability claims but also of their ordinary, common-law negligence claim—which, on its face, was not subject to the TMLA— because the claims were based on the same underlying facts. 335 S.W.3d 192, 196–97 (Tex. 2010); *see also Lindsey v. Adler*, No. 05-12-00010-CV, 2013 WL 1456633, at *3–4 (Tex. App.—Dallas Apr. 9, 2013, no pet.) (mem. op.) (holding that a healthcare-

8

liability claimant could not avoid dismissal of her suit against healthcare providers under the TMLA "by filing an amended petition, deleting her negligence and health[]care[-]liability claims, and pleading assault and intentional infliction of emotional distress causes of action against the same health[]care providers [that were] based on the same facts . . . alleged in her [prior] petitions").

Here, it is undeniable that CTCH's mechanic's-lien, quantum meruit, and Texas Prompt Pay Act claims all arise from the same set of facts as the breach-of-contract claim that Goodman rejected. In fact, CTCH does not argue otherwise. CTCH's district-court petition did not allege any independent facts to support these additional causes of action. Indeed, CTCH expressly acknowledged in its petition that it had filed the district-court lawsuit in direct response to Goodman's rejection of its claim in the probate case. Accordingly, we reject CTCH's contention that Section 355.064(a) applies only to its breach-of-contract cause of action; rather, we conclude that because all of its causes of action share the same gravamen, they are all part and parcel of its rejected estate claim and are therefore all statutorily barred. *See* Tex. Est. Code Ann. § 22.005(1) (defining "claims" to include "liabilities of a decedent that survive the decedent's death . . . regardless of whether the liabilities arise in contract or tort or otherwise"); *cf. Turner v. Ewing*, 625 S.W.3d 510, 525 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) (holding that the gravamen of home builder's breach-of-contract, quantum meruit, and promissory-estoppel claims was the same because "[t]he operative facts supporting each of [the] claims [were] identical"); *Palmer v.*

9

*Palmer*, 831 S.W.2d 479, 482 (Tex. App.—Texarkana 1992, no writ) ("A lien is an incident of, and is inseparable from, the debt." (citing *Univ. Sav. & Loan Ass'n v. Sec. Lumber Co.*, 423 S.W.2d 287, 292 (Tex. 1967))).

Second, citing *In re Puig*, 351 S.W.3d 301, 304 (Tex. 2011) (orig. proceeding), CTCH argues that even if Section 355.064(a) applies, the proper remedy is abatement, not dismissal. According to CTCH, even if its causes of action fall within the county court's ancillary probate jurisdiction, the district court would have concurrent jurisdiction, meaning that the county court's jurisdiction would be merely dominant, not exclusive. *See id.* at 305 ("When . . . two courts have concurrent jurisdiction to determine inherently intertwined issues, filing a dilatory plea in abatement is the proper method for drawing a court's attention to another court's possible dominant jurisdiction."). But CTCH's argument ignores the language of Section 355.064(a) and the central precepts of the dominant-jurisdiction doctrine.

CTCH's argument that abatement is the proper remedy is premised on the notion that the district court has concurrent jurisdiction with the county court to adjudicate CTCH's suit on its rejected claim. *See id.* But as noted, Section 355.064(a) explicitly requires a suit on a rejected claim to be filed "in the court of original probate jurisdiction in which the estate is pending." Tex. Est. Code Ann. § 355.064(a). This language makes clear that the county court has exclusive—not merely dominant— jurisdiction over CTCH's suit on its rejected estate claim. Indeed, even under Section 355.064(a)'s predecessor statute, which provided that a suit on a rejected claim could

10

be filed not only "in the court of original probate jurisdiction in which the estate is pending" but also "in any other court of proper jurisdiction," the Dallas Court of Appeals affirmed the dismissal of a suit on a rejected estate claim that had been filed in the district court instead of the county court at law in which the decedent's estate was pending because the county court at law was "the only court with jurisdiction." *See Howe St. Bank v. Crookham*, 873 S.W.2d 745, 746–50 (Tex. App.—Dallas 1994, no writ) (interpreting former Tex. Prob. Code Ann. § 313). The Legislature's decision not to include the "in any other court of proper jurisdiction" language in Section 355.064(a) reinforces the conclusion that it intended the court of original probate jurisdiction—here, the county court—to have exclusive jurisdiction over a suit on a rejected estate claim. *See* Tex. Est. Code Ann. § 355.064(a).

Further, even if the district court had concurrent jurisdiction, abatement would nevertheless be inappropriate because CTCH never filed suit in the county court and the deadline for filing any such suit has passed. *See id.* In the absence of two pending lawsuits concerning the same subject matter, the doctrine of dominant jurisdiction does not apply. *See Musquiz v. Marroquin*, 124 S.W.3d 906, 911 (Tex. App.—Corpus Christi–Edinburg 2004, pet. denied) (rejecting appellants' argument that statutory county court where probate case was pending had dominant jurisdiction over estate's breach-of-fiduciary-duty and trespass-to-try-title claims "because no petition had been filed [in the statutory county court] raising the issue involving these parties").

11

In sum, because CTCH's district-court causes of action are statutorily barred and because the doctrine of dominant jurisdiction does not apply, the district court abused its discretion by denying Goodman's Rule 91a motion to dismiss.[5] *See, e.g., Long*, 681 S.W.3d at 818. Accordingly, mandamus relief is appropriate. *See Farmers Tex. Cnty. Mut. Ins. Co.*, 621 S.W.3d at 266 (citing *Essex Ins. Co.*, 450 S.W.3d at 528).

## III. CONCLUSION

Having concluded that CTCH's causes of action against Lonnie's estate are statutorily barred, we conditionally grant Goodman's petition for writ of mandamus, vacate the trial court's order denying Goodman's Rule 91a motion to dismiss, and direct the trial court to sign an order granting the motion. Our writ will issue only if the trial court does not comply.

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered: February 26, 2026

---

[5]CTCH argues that the dismissal of its lawsuit based on the fact that it was filed in the wrong court would be inequitable and would encourage defendants to "'lay behind the [log]' in order to obtain a windfall." We reject the notion that an estate representative bears any responsibility for a creditor's failure to follow the proper procedure for asserting its claim against the probate estate.